## Taylor v. Taylor, Administratrix, et al.

(Decided May 8, 1917.)

### Appeal from Caldwell Circuit Court.

1. Witnesses—Cross-examination of Incompetent Witnesses.—A party who has objected and excepted to the testimony of an incompetent witness may thereafter cross-examine the witness upon such questions as he has erroneously been permitted to testify to, without rendering the testimony competent or waiving his objections to its incompetency.

2. Evidence—Burden of Proof—Bills and Notes.—Plaintiff sued to recover on three promissory notes. Defendant answered, admitting the execution of the notes, but claiming credits thereon which were denied by plaintiff. The evidence showed that a partial settlement was at one time had between the parties, whereby one of the notes was surrendered and defendant was given credit for payment of interest on the other notes. Defendant showed three payments upon the indebtedness, originally evidenced by the three notes sued on and one other, one of which, however, was made prior to the partial settlement mentioned above. Held: That the burden was upon defendant to show, not only the payment but that it had not been properly credited on the note thereafter surrendered to him, and that, in the absence of proof to the contrary, it would be presumed that that payment was included in the partial settlement made subsequent thereto, and credited upon the surrendered note.

R. W. LISANBY for appellant.

J. ELLIOTT BAKER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

A. F. Taylor, as administratrix of her husband, G. W. Taylor, brought this suit against R. N. Taylor, their son, to enforce the collection of three purchase money notes for $200.00 each, with interest from the date of their execution, April 25, 1900, less certain credits endorsed thereon.

Appellant, in his answer, admitted the execution of the notes, but asserted, as additional payments made thereon, but not credited, the following amounts: $170.00 on June 12, 1911; $200.00, on January 12, 1912; and $100.00, on June 18, 1912. This answer was traversed of record.

Appellant, to support his contention, first introduced himself as a witness, presented, identified and filed as parts of his deposition, two checks, signed by himself, made payable to, and endorsed by, G. W. Taylor, and endorsed and cancelled by the bank upon which they were drawn as having been paid. Both of these checks had written into them, "For payment on land." The check for $170.00 was dated June 12, 1911, and stamped paid by the bank, June 17, 1911. The check for $100.00 was dated June, 1912, and stamped paid by the bank, June 18, 1912.

He also filed and identified the following receipt:

"Received of R. N. Taylor two hundred dollars ($200.00) to be credited upon land notes held by me against him, this January 12, 1912.

(Signed)        "G. W. Taylor."

The witness was then cross-examined by the attorney for appellee, with reference, not only to the transaction with decedent in which these checks and the receipt were executed and delivered, but also with reference to many other transactions between the witness and decedent.

Appellant next introduced as a witness, M. P. Smith, county judge of Caldwell county, and a half brother of the decedent, G. W. Taylor, who testified that the signature of G. W. Taylor upon the two checks and the receipt, referred to above, was the genuine signature of G. W. Taylor; the checks and receipts were made parts of his deposition.

Appellee then introduced herself as a witness, and testified to statements made to her by her deceased husband, with reference to the state of accounts existing between him and appellant upon the notes in question. She also introduced several other sons of decedent, and proved by them similar statements made by deceased. None of these statements alleged to have been made by deceased were made in the presence of appellant, and objection was made by appellant to this evidence.

Several witnesses were also introduced to prove admissions by appellant, made after his father's death, tending to show that he owed, or was willing to pay,

in settlement of the notes sued on, an amount in excess of what he claims in this action to be due thereon; but none of the alleged admissions, or expressions of a willingness to compromise, are sufficient, in our judgment, to overcome the evidence of payment furnished by the checks and receipts referred to above, if they are to be considered.

Appellee did not object to any of the testimony given by appellant, and neither party filed any exceptions to any of the evidence offered by the other; and the case was thus submitted to the court for judgment. The court, upon its own motion, in the judgment rendered, struck from the record all of the deposition of R. N. Taylor, upon the ground that it was incompetent, and to this appellant excepted. The court then proceeded to give judgment against appellant for the full amount claimed by appellee, but did not strike from the record any of the evidence offered by appellee, although much of it was incompetent.

It is insisted by appellant, that so much of his own evidence as merely presented the checks and receipt, as well as the testimony given by him upon cross-examination, was competent, and even though it had been incompetent, it was error for the court, upon its own motion, without objection or exception upon the part of appellee, to strike his deposition from the record, especially as the incompetent evidence offered by appellee, to which appellant entered an objection at the time it was given, was not also stricken from the record.

While a party who has objected and excepted to the testimony of an incompetent witness may thereafter cross-examine the witness upon such questions as he has been erroneously permitted, over objection, to testify without rendering the testimony competent, or waiving his objections to its incompetency, as was decided by this court in Saylor v. Saylor, 151 Ky. 694, it would seem that, in view of sub-section 8 of section 606 of the Civil Code, permitting a party to introduce his adversary as if under cross-examination, he may waive the right to object to his testimony, if, indeed, a party may not always waive the right to object to incompetent evidence, especially so where, as in this case, the personal representative of the decedent elects to testify in her own behalf about the matter in controversy. However, we do not need to decide this question in this case, since the checks and receipt are properly in evidence upon the testimony of M. P.

Smith. They prove, beyond any doubt, that appellant was entitled to credit for these payments on the debt for land evidenced in part by the notes in question, since it is conceded that these notes and one other represented the only indebtedness of appellant to decedent for land; but it is not shown by the evidence that the check for $170.00, dated June 12, 1911, was not properly credited upon appellant's then indebtedness to decedent.

Originally, and on June 12, 1911, decedent held against appellant, evidencing his indebtedness for land, four notes of two hundred dollars each, and, as shown by indorsements upon the three notes sued on herein, on August 13, 1911, appellant and decedent had some kind of a settlement, in which one two hundred dollar note was surrendered to appellant, and he was given credit for the payment of interest upon the other three notes. Appellant does not show that all payments theretofore made by him upon this indebtedness were not included in that partial settlement, and, the burden being upon him to show not only the payment, but that he had not received credit for same in the partial settlement of August 13, 1911, it will be presumed that all payments theretofore made were credited in that settlement; but it is shown that the payments made subsequently to August 13, 1911, were not credited upon the three notes sued on, which are conceded to have been, when these payments were made, appellant's only indebtedness to decedent for land. The trial court, therefore, erred in failing to give appellant credit upon the notes sued on, for the two hundred dollar receipt dated January 12, 1912, and the one hundred dollar check dated June 18, 1912.

Wherefore, the judgment is reversed, with directions to enter a judgment in conformity herewith.