# Forsyth et al. v. Wellman et al.

Jan. 29, 1946.

Jean L. Auxier and H. V. Forsyth for appellants.

J. P. Hobson for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This action attempts to establish a parol trust in favor of the heirs of John A. Dils who died intestate on April 16, 1940, a resident of Pike County.

Prior to 1926 Dils was the owner of several hundred acres of land on Red Creek in Pike County. It is not clear from the record just what this acreage amounted to. For several years Dils had owed the Pikeville National Bank approximately $4,000, as evidenced by his promissory notes which he had been unable to meet at maturity and on which he had neglected to pay the interest when due. In 1926, in an effort to either discharge this indebtedness or secure the payment thereof, he sold the surface (or at least 500 acres) of the Red Creek property, and one-half of the oil and gas rights, to J. M. Billiter. All, or practically all, of the sale price was evidenced by notes which were secured by a vendor's lien. Five thousand dollars of these notes were pledged to the bank as collateral to secure Dils' indebtedness, which at that time had been increased to about $5,500. Billiter failed to pay these notes as they fell due, and in 1928, the bank brought a foreclosure suit on the portion of the Red Creek property which had been sold to Billiter. At the sale the property was first bid in by the appellee Hope Dils Wellman and her sister Mary Pauley. This sale was set aside and the property readvertised.

At the second sale Mrs. Wellman bid it in and executed a sale bond which at its maturity six months later amounted to $5,707.45. It is claimed that this was con-

siderably more than the actual value of the property at that time. At the time Mrs. Wellman became the purchaser at the judicial sale she expected to be able to borrow the money to pay the sale bond at its maturity, but when she talked with the bank officials about such a loan she was advised that the Billiter interest was of insufficient value to justify the bank in lending the money. Her father, John A. Dils, who, together with W. K. Elliott, was surety on the sale bond, was also obligated on the judgment which was the basis of the sale. As surety on the sale bond Dils subjected the remainder of his Red Creek holdings and in addition a life estate in some property at Pikeville.

Representatives of the bank suggested that Dils execute a deed to Mrs. Wellman for his remaining interest in the Red Creek property, that is, the coal, the balance of the surface, if any, and one-half of the oil and gas, and that if this was done the bank would lend the necessary money to Mrs. Wellman, taking as security a mortgage on the entire Red Creek property.

It appears from the evidence that the bank was willing to do this because Mrs. Wellman had established her credit at the bank, having gained a reputation for looking after her obligations. She had been a borrower at the bank and kept her notes in excellent shape by paying the interest promptly and making payments from time to time on the principal. Apparently she had convinced the bank officials that she was a responsible borrower.

Dils agreed to and did execute this deed to Mrs. Wellman, presumably in order to protect his life estate in the Pikeville property. Upon the execution of that deed the court commissioner executed a deed to Mrs. Wellman for the Billiter portion and immediately thereafter Mrs. Wellman executed a mortgage on the whole tract to the bank to secure the money borrowed to satisfy the sale bond.

At the time this arrangement was made the Red Creek property was producing no income, but six months later Mrs. Wellman was able to lease the oil and gas so as to produce an income which enabled her to keep her indebtedness to the bank in satisfactory condition. Mrs. Wellman's three sisters, Georgia Dils Forsyth, Anna Lida Call, and Mary Pauley, did not offer to assist in this financing, assumed no obligation in connection

with it, and so far as we can tell from the record, have never offered to assume any part of this debt, a portion of which is still unpaid.

The evidence shows that during the years after Mrs. Wellman acquired title to the property she took in tourists at the Dils' residence in Pikeville where she lived with her father until his death, and that she sold some property which she had inherited from her grandfather in order to keep her credit established at the bank.

There is some evidence in the record that at the time of the judicial sale there was a discussion between at least Mrs. Call and Mrs. Forsyth of the necessity of each of the four daughters raising $1,500 in order to save the Red Creek property for their father. The evidence does not show that they ever discussed this matter with Mrs. Wellman or that she ever knew anything about such an arrangement. The fact remains that none of the others either paid or obligated themselves to pay any portion of the purchase price or the indebtedness to the bank.

There is also some testimony by Mrs. Forsyth that at or shortly after the maturity date of the sale bond she was informed by Mr. Wellman, the husband of the appellee, in the presence of Mrs. Wellman and their father, that the property was deeded to Mrs. Wellman with the understanding that when the mortgage was paid it would be deeded back to Dils. The testimony in this connection is that when Mrs. Forsyth was approaching the Dils' residence, and about 25 or 30 feet from the front step, Mr. Wellman was coming down the steps and shouted to her that Mrs. Wellman had agreed to reconvey the property. She does not say that either Mrs. Wellman or their father was outside the house, but seems to infer that they both were at such places inside the house so as to be able to hear the statement made by Mr. Wellman. If this testimony is competent at all it falls far short of the nature of the evidence which would be required to establish the parol trust sought in this case.

As stated in appellants' brief—"the circumstances of this case render it almost impossible to establish the parole trust by direct evidence alone." It is argued that the circumstances surrounding the transaction by which Mrs. Wellman acquired title to the property in question

are sufficient to create such a trust. With this we can not agree. Clear and convincing testimony is always required to establish a parole trust. Hood et al. v. Nichol et al., 236 Ky. 779, 34 S. W. 2d 429; Johnson v. Wikstrom, 242 Ky. 636, 47 S. W. 2d 61; Holliday v. Holliday, 238 Ky. 522, 38 S. W. 2d 436. Many other cases might be cited but we deem that unnecessary.

Only two of the sisters, Mrs. Forsyth and Mrs. Call, have joined in this action, Mary Pauley having filed in the record a disclaimer of any interest in the land involved.

This suit was not brought for more than twelve years after the time the property was conveyed to Mrs. Wellman, and more than eleven years after the execution of the oil and gas lease on the property, and it is argued for appellees that the ten year statute of limitations applies and that the action is barred. It is not necessary to place the decision on that ground as we are clearly convinced from a careful reading of the record in this case that the appellants utterly failed to produce any substantial evidence in support of their contentions, much less the clear and convincing evidence which is required of them.

It is clear that the judgment of the lower court is correct and should be and is affirmed.