## Dotson v. Dotson et al.

March 26, 1948.

W. A. Daugherty for appellant.

O. T. Hinton for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the time of filing this action in the Pike circuit court by appellant against appellees he was 54 years of age. Prior to December 8, 1937, his wife died, but the date of the death is not shown. Before her death four children were born to the couple and were infants at that time. The fourth child, a daughter, but not the oldest, died in infancy.

On the date above mentioned, appellant purchased from Jesse McCoy for the sum of $1,000, 45 acres of land in Pike County and directed the unencumbered title to be conveyed to his then four children, which was done. After that, and before November 29, 1939, one of his daughters died and on that date he conveyed his homeplace upon which the family resided to his remaining three children whose ages ranged from four to ten years. That deed reserved to appellant a life estate in the land conveyed thereby and the family continued to live on it.

Appellant seeks in his petition a cancellation of both the deeds referred to on the alleged ground that his infant children (grantees in both) hold their title in trust for him under the equitable doctrine of constructive trust. He makes no claim for the relief sought on the ground of a resulting trust in his favor because of his having paid the consideration for the conveyed land, since under KRS 381.170 he was prevented from doing so. The section says in part:

"When a deed is made to one person, and the consideration is paid by another no use or trust results in favor of the latter unless * * *" etc.

The "unless" part of the statute does not relate to or in any wise affect the facts of this case. Therefore if plaintiff possessed any right whatever to obtain the cancellation of the two deeds he executed to his infant children it arises solely through the operation of a constructive trust.

Plaintiff does not allege that he was either mentally incapacitated to execute either of the deeds, or that he was unduly influenced to do so, but contents himself with alleging "that he was greatly shocked and distressed over the death of his wife" and "that at the time of the death of his child he had not fully recovered from the shock of the death of his wife," whereby "he became so mentally depressed that he hardly realized the consequences of his acts." He then pleads that while in that condition and "actuated by his great sympathy and love for his three remaining children" he executed the deed to the 225 acres to them.

It will at once be seen that the only ground upon

which appellant seeks a cancellation of the two deeds to his children is that he was "depressed" over the death of his wife when he executed the deed to the 45 acres in 1937 and again "depressed" when he executed the deed to them for the 225 acres in 1939.

A constructive trust is one that all courts and text writers define as one raised by equity for the purpose of circumventing fraud "where there is no intention of the parties to create such a relation." Graham v. King, 96 Ky. 339, 24 S. W. 430, 431. They never arise except where the holder of the legal title obtained it through fraud, misrepresentation, concealments, undue influence, duress, or some other wrongful act whereby another is deprived of the title to his property. The infant vendees in this case could not and did not obtain the legal title which their father vested in them through any such methods as is necessary to create a constructive trust. All of our opinions both antedating and following the case of Graham v. King, adopt, approve and enforce the rule as defined and enforced in that case. To list them all would fill almost an entire page of our reports.

We have not been able to find any case domestic or foreign, or any text, applying the doctrine of constructive trust in the absence of the above elements necessary to create it. One of our latest cases so declaring is Moore v. Terry, 293 Ky. 727, 170 S. W. 2d 29, 32, where the alleged trustee was the wife to whom her husband had conveyed the land in controversy. In the course of the opinion in holding that no constructive trust was created in favor of the husband or his heirs, if he be dead, we said:

"The husband conveyed the property to his wife for the protection of her and their children while he was confined in prison, but that fact did not constitute a constructive trust. It is not unusual for the head of the family to put the title of the home in his wife or to make a conveyance of it to her when ominous clouds appear on the horizon. And there is no rule of law or equity which says such action creates a constructive trust in his favor. If such were the law, the husband could revoke at pleasure his deed to the wife."

That statement fits this case exactly when we sub-

stitute the word "children," as in this case, for the word "wife" in that case.

The trial court therefore committed no error in sustaining the demurrer filed by the guardian ad litem for the appellees, and the judgment is affirmed.