## Lowe v. Lowe.

April 21, 1950.

E. L. Allen, Judge.

Wine, Venters & Stephenson and T. L. Hibbitts for appellant.

P. B. Stratton for appellee.

CLAY, COMMISSIONER—Affirming.

This action was brought by appellant to set aside a deed, executed by third parties, conveying real estate to his stepdaughter. The only basis of his claim is a constructive trust which the Chancellor refused to recognize.

In 1942 a Mr. and Mrs. Stewart conveyed the property to appellant's stepdaughter, who was at that time 15 years of age. The purchase price was $800, of which $300 cash was paid at the time of the conveyance. Appellant's contention is that he borrowed the down payment from his wife, who was then the guardian of his stepdaughter, and that thereafter the balance of the purchase price was paid by him, or by his wife with his funds. Appellant testified that at the time the transaction was entered into his wife agreed that when the loan was repaid a deed would be made to him.

On the other hand, the wife testified that she contributed $200 directly on the purchase price and subsequently paid $294 of the balance due. She did not deny making the agreement to which her husband testified.

The proof for both sides is most unsatisfactory, but appellant has failed to establish such a case as would authorize a setting aside of the deed. Even if he furnished the entire consideration, which is denied, he may not assert a resulting trust in his favor. KRS 381.170.

In order to avoid the provisions of this statute, ap-

pellant argues a constructive trust was created and relies particularly on the cases of Shortridge v. Shortridge, 207 Ky. 790, 270 S. W. 47, and Stiefvater v. Stiefvater, 246 Ky. 646, 53 S. W. 2d 926. On the other hand appellees rely principally on the case of Dotson v. Dotson, 307 Ky. 106, 209 S. W. 2d 852.

In the cases cited by appellant it appears the owner of property conveyed directly to the party making a verbal promise, and there was no contention the person holding the legal title had furnished any consideration. In those cases a trust was declared on the ground that an actual or constructive fraud would be perpetrated on the grantor unless the grantee's promise was given effect. In the Stiefvater case cited, above, 246 Ky. at page 648, 53 S. W. 2d at page 927, the Court stated: "These constructive trusts are declared in order that the court may lay hands upon the property and wrest it from the wrongdoer who has broken his pledge. In the end they rest on the doctrine of estoppel, and the operation of an estoppel is never affected by the statute of frauds."

In the recent case of Dotson v. Dotson, 307 Ky. 106, on page 108, 209 S. W. 2d 852, 853, which involved a conveyance to infants such as we have in the present case, we stated that constructive trusts: "never arise except where the holder of the legal title obtained it through fraud, misrepresentation, concealments, undue influence, duress, or some other wrongful act whereby another is deprived of the title to his property. The infant vendees in this case could not and did not obtain the legal title which their father vested in them through any such methods as is necessary to create a constructive trust."

In the present case there is a serious question conconcerning the source of the consideration paid for this conveyance; the alleged promise was made by a person other than the holder of the legal title; and there is no evidence the latter was or could have been guilty of actual or constructive fraud. We are thus unable to find the necessary wrongful act, unconscionable conduct, or estoppel which would create such a clear and compelling equity in appellant as to justify setting aside the deed involved.

The judgment is affirmed.