EVANS et al. v. PAYNE et al.

Court of Appeals of Kentucky.
June 5, 1953.

V. R. Bentley, Pikeville, for appellants.

Wine, Venters & Stephenson, Pikeville, for appellees.

STEWART, Justice.

This action involves the title to an undivided 85/116ths interest in four adjoining parcels of real estate forming one continuous boundary, located on Knox Creek in Pike County, containing from 225 to 235 acres.

The petition alleged and the proof developed these facts: On September 24, 1917, the property in dispute was acquired and the deeds thereto were made to E. M. Evans, trustee. The total purchase price was $11,600, of which amount these persons contributed the following sums: S. B. Payne, $1500; E. H. Evans, $3000; H. W. Evans, $1500; B. A. Backer, $1500; J. K. Payne, $500; R. E. Payne, $500; and E. M. Evans, $3100. R. E. Payne and J. K. Payne were brothers and each died intestate, survived by the same four heirs at law. B. A. Backer is also deceased, survived by his widow and a daughter. Of the foregoing contributors or their heirs at law, all were plaintiffs below and are appellees here, except the heirs at law of E. M. Evans and his wife, Elizabeth, both of whom died intestate in 1941 and 1942, respectively.

It was further disclosed that E. M. Evans acted as agent and trustee for himself and for the other contributors in acquiring the land for the purpose of developing it into coal mining property. At the time the four tracts in question were bought there was a verbal agreement among the contributors that title would be taken in the name of E. M. Evans as trustee, pending the formation of a corporation to promote the mining project. It was also understood that the trustee would then transfer the ownership of the real estate to this corporation after its organization and each contributor would receive shares of stock in the proportion that the sum he had advanced bore to the amount of the capital stock.

It was brought out that the property was never developed by reason of transportation difficulties, the corporation was not created and title to the real estate remained in E. M. Evans as trustee. From the time the land was bought in 1917 and until 1947, inclusive, the various contributors and their heirs at law paid their proportionate share of the ad valorem taxes for each respective year. Four of the original contributors and their wives, on August 18, 1928, deeded a right-of-way across this same property to the Knox Creek Railroad Company. E. M. Evans and his wife, Elizabeth, joined in this deed. It was explained that all the contributors did not execute the deed because they could not be reached at the time. In a deed dated August 30, 1934, but not lodged for record until September 1, 1936, E. M. Evans transferred to his wife, Elizabeth, "all of his right, title and interest of every description" in the above mentioned four tracts.

Apparently no dispute concerning appellees' interest in the four tracts arose until December, 1948, when appellant, Hassel Evans, wrote to appellee, S. B. Payne, informing him that the heirs of Elizabeth Evans, himself included, who are the appellants herein, were the absolute owners of the property. This claim upon the part of appellants resulted in the filing of this suit by appellees on July 20, 1949, to establish their 85/116ths interest in the four tracts. The Chancellor, upon hearing the case, rendered judgment for appellees, declaring them to be the owners of the land to the extent asserted in their petition.

The questions presented here are: (1) Was a constructive or express trust created by parol in favor of appellees? (2) Was the evidence introduced by appellees of such competency as to definitely establish a trust? (3) Have appellees been guilty of such laches in asserting their claim that

equity should decline to give them the relief they seek?

■ Appellants first argue that a parol trust cannot be established under the law of this state, especially, as is claimed here, where a deed is absolute on its face. But the deed to E. M. Evans in 1917 recited that he was trustee, and, even if this were not true, we have nevertheless held that a parol trust may be created where a deed is absolute on its face. Shepherd v. Miller, 242 Ky. 250, 46 S.W.2d 78. Nor can we accept appellants' contention that if any trust were established, it must necessarily have been a resulting trust. An adequate answer to this reasoning is found in the case of Gibson v. Gibson, Ky., 249 S.W.2d 53, 55, wherein it was said:

"The Chancellor found, and we think correctly so, that there was an express trust in the instant case and not a resulting trust. The kind of equitable resulting trust abolished by KRS 381.170 is one arising upon the naked fact that one furnishes the consideration to buy land while the title thereto is taken by another, *without any agreement* as to the use or the trust. See Smith v. Smith, Ky., 121 S.W. 1002. The above section has no application where, as here, there is an express parol promise by one to hold the legal title to the land in trust and for the use of another who furnished the consideration. See Morris v. Thomas, 310 Ky. 501, 220 S.W.2d 958, and many cases cited therein."

■ The evidence to establish such a trust as that under consideration must be clear, definite and convincing, and it is closely scrutinized and carefully weighed by courts because its effect is to upset paper title. Moore v. Terry, 293 Ky. 727, 170 S.W.2d 29; Reed v. Reed, 273 Ky. 502, 117 S.W.2d 211. At the outset, when we come to consider the evidence introduced to substantiate the trust, we are met with appellants' vigorous objection to the admissibility of the testimony of appellees themselves concerning the circumstances under which the four tracts were originally purchased, the method by which the taxes were paid

on the land and the other arrangements worked out in regard to the property. It is insisted that such evidence consists of transactions had with E. M. Evans, who was dead at the time they testified and, in consequence, their testimony is incompetent and cannot be considered.

■ Appellants' complaint appears well taken on this issue. See Civil Code of Practice, section 606, subsec. 2; Sword v. Moore's Adm'r., 303 Ky. 507, 198 S.W.2d 215; Moore v. Terry, supra. Although it appears that appellants interrogated appellees' witnesses about these same matters on cross-examination, we have held that such questioning does not amount to a waiver of prior objections. Taylor v. Taylor, 175 Ky. 510, 194 S.W. 551; Saylor v. Saylor, 151 Ky. 694, 152 S.W. 763. The Chancellor erred when he refused to sustain appellants' objection to the foregoing testimony. But there is other evidence.

An uninterested witness was Mrs. Allie Brammer, daughter of E. M. Evans by another wife and executrix of his estate. She testified her father had lived with her "off and on" during his last years, and she heard him discuss the ownership of the property in question "lots of times." He often indicated "who purchased the property in conjunction with him," and named those persons. According to her, he recognized the trust as valid and subsisting throughout his lifetime. A writing introduced in evidence was identified by Mrs. Brammer as a sheet from an old ledger book belonging to deceased. He "kept a record of his rents and other items in the ledger," she stated. The sheet set forth in detail the names of all the contributors and the amount each had paid, which data were in complete harmony with the facts we have heretofore recited in this respect. Mrs. Brammer said the entries were made in her home in her presence and in that of her husband one day during the year 1940. A son-in-law of E. M. Evans wrote in the names under the direction of deceased while E. M. Evans himself wrote the amount contributed by each.

■ Again appellants objected to the introduction of the evidence just mentioned, maintaining it was incompetent under sec-

922

tion 606, subsec. 2 of the Civil Code of Practice. We cannot accept this contention. Mrs. Brammer is clearly outside the prohibition of the above subsection, since she has no interest in the outcome of this case and therefore did not testify "for herself." Nor are her remarks made inadmissible under the hearsay rule. It is a familiar exception to the latter rule that the declarations of persons since deceased are admissible in evidence, provided the declarant had peculiar means of knowing the fact stated, had no interest to misrepresent it, and it was against his pecuniary and proprietary interest. See 3 Jones, Evidence, § 1164, p. 2133; Commonwealth Life Ins. Co. v. Clarke, 276 Ky. 151, 123 S.W. 2d 811; Stacy v. Alexander, 143 Ky. 152, 136 S.W. 150. The statements of E. M. Evans to his daughter certainly fall within the exception announced. He was one of the few who had knowledge of the trust agreement, and his words amounted to an admission that he held only a small part of the title to the disputed land rather than a fee.

Our decision, however, need not rest upon Mrs. Brammer's testimony alone. There is the right-of-way deed that four of the original contributors, together with E. M. Evans, and their wives made to the Knox Creek Railroad. This deed indubitably showed that others besides E. M. Evans owned the four tracts. In addition, there is correspondence that sheds light on the case. For instance, on October 20, 1942, Hassel Evans, one of the appellants, wrote to appellee, E. H. Evans, concerning the portion of the taxes to be paid on "the E. M. Evans' share" of the disputed property, and in the same communication he said: "I'm looking after my brothers' and sisters' interest in my mother's and father's estate." On July 9, 1943, Hassel Evans again wrote to E. H. Evans as follows: "I plan to go to Pikeville before long in order to get the E. M. Evans' part transferred to the rightful heirs." He was referring to the land in litigation. When this same person was confronted with these letters at the time his deposition was being taken, he then admitted appellees had some interest in the real estate in controversy. Thus we have an acknowledgment of appellees' interest in the four tracts by the person who claimed to be protecting the rights of his brothers and sisters in the same property. As a logical consequence, there has not yet been a complete repudiation of the trust in view of the admissions of this appellant.

We should point out here that the incompetency of the testimony above mentioned does not require a reversal of this cause. Upon an appeal of an equity case we may disregard any incompetent testimony and affirm the Chancellor's decision if there be other competent evidence upon which he could have justifiably based his decision. See Escott v. Harley, 308 Ky. 298, 214 S.W.2d 387; Martin v. Martin, 286 Ky. 408, 150 S.W.2d 696. Although the testimony of appellees themselves was incompetent, as we have shown, still there was clear and convincing evidence introduced to definitely establish a parol trust in favor of appellees. We think the Chancellor's finding on this issue should be upheld.

A final argument is that, having waited almost fifteen years after the property had been conveyed to another person, appellees are now barred by laches to assert their interest in the land. This contention is based upon the theory that E. M. Evans revoked the trust by conveying the four tracts to his wife on August 30, 1934. The deed itself and the facts surrounding the conveyance establish conclusively that E. M. Evans deeded only his interest in the land to his wife. The record reveals that appellees were notified for the first time in December of 1948 that appellants were declaring themselves to be the owners of the entire boundary. Up to this time no material change had taken place to disturb the status quo created by the trust agreement. After appellants manifested their intention to claim the boundary in its entirety, appellees lost no time in taking appropriate steps to establish their rights. We said in Helm's Ex'r v. Rogers, 81 Ky. 568: "Lapse of time is ineffectual as a bar where the relation of trust is acknowledged to exist between the

parties and its continuance unbroken. * * *" The rule just quoted is in every respect applicable to this case.

Wherefore, the judgment is affirmed.