Beatrice Broyles WILSON et al., Appellants,

v.

Dorothy E. ST. CLAIR et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

As Modified on Denial of Rehearing
Jan. 27, 1956.

F. L. Pearl, George Broadus, Louisville, for appellants.

Wm. Crutcher, Jr., Henry I. Fox, Edw. L. Mackey, Louisville, for appellees.

STANLEY, Commissioner.

The question is whether or not the appellant, Beatrice Broyles Wilson, holds title to property at 837 South Second St., Louisville, in trust for her father's estate. The action is resolved primarily, as the real parties in interest, between the appellant and her sister, the appellee, Dorothy E. St. Clair, only heirs of their father, Charles Edward Coon. There were some complications in the case because the father was adjudged mentally incompetent and Mrs. Wilson was removed as his committee, and then he died before judgment. For many years the mother has been in an institution for the insane. The court found that the title held by the appellant was impressed with a trust for the sole and entire benefit of her father. Accordingly, Mrs. Wilson and her husband were ordered to convey to her mother an interest equivalent to her dower and an undivided one-half interest in the property to her sister, the appellee, Dorothy E. St. Clair, subject to the dower. The appellants were also directed to execute a bill of sale to the father's administrator for the furnishings in the house, excepting that used in their apartment. It was further adjudged that appellant be charged with $7,136.69 net income she had collected, subject to being credited with her inherited portion thereof.

In the latter part of 1941 Charles E. Coon contracted to buy the property involved and made an application to a building and loan association for a loan of $4,000 either to apply on the purchase price or to pay the cost of converting the building into apartments. The application was declined because Coon's wife, as a mental incompetent, could not join in a mortgage. The record is silent as to any express agreement then made. The testimony of Mrs. Wilson, who at that time was the wife of Ernest H. Broyles, in regard to the transaction with her father, was, of course, inadmissible. On December 5, 1941, a deed to the property was executed by the vendor to Ernest H. Broyles and his wife, Beatrice M. Broyles, with survivorship title. On the same date the Broyles' application to the association for a loan was accepted and consummated. The real estate agent who negotiated the sale of the property testified Coon had wanted it in order to convert it into apartments and assure himself an income from the rents. Coon personally made the payments on the loan from time to time. He reported the rents as his income on his tax returns. C. H. Eury, a friend with whom Coon had been closely associated, testified that title to two other pieces of property bought by them jointly was taken in Eury's name. Afterward they sold one piece and he had conveyed the title to the other to Coon. The appellant, Mrs. Wilson formerly Broyles, called as a witness by her sister, who had instituted this suit, admitted all the foregoing facts as to her father placing title in her name and his collection of the rents, payments on the loan, etc. until he had become incompetent by reason of paralysis. In applying for his adjudication and her appointment as his committee she reported his estate as including the property involved.

As something of an explanation of the absence of her participation in the initial transaction, it may be said the other daughter, Mrs. St. Clair, was not present. She has at all times resided in Illinois. We may, therefore, assume her reason for not testifying was that she knew nothing of her own knowledge on the crucial issue.

As we have indicated, the court sustained objections to Mrs. Wilson's testimony in her own behalf in respect to conversations and transactions with her deceased father. Her avowals must, of course, be disregarded, for

she may not be heard. There is no doubt that she and her former husband, until his death, did a great deal of work in improving and operating the apartment house. Her competent proof consists of testimony of several witnesses to the effect that her father had later, from time to time, expressed an intention and purpose that this property should go to his daughter, Beatrice. Some of the witnesses stated he had said she had been taken care of as she already had the title. It is also, however, shown that he desired that his other daughter have another piece of property and that a third item should go to his grandchildren.

Whether there was a trust created must be determined by the initial transaction or the circumstances which occurred at the time title was placed in the daughter and son-in-law. These show very conclusively that title was placed in them only because of the legal incompetency of Mr. Coon's wife, who is her mother, and that they so understood and took title on that condition. The father assumed complete and actual control of the property and retained it until he became mentally and physically incapacitated. As stated by Judge Lampe concerning the daughter: "Her conduct over the course of the years in permitting her father to have complete control of the property is more persuasive than any words she could utter." And, further: "It is most significant that while her father could manage his own affairs she made no claim adverse to him but that as soon as he lost control of his full mental faculties, she then, in spite of the fact that she had sworn that this property was part of the estate to be administered for him, began to appropriate the net income to her own use."

We have a very strong conviction that there was a definite understanding and agreement that the daughter and son-in-law should merely take title and they or the survivor hold title in substitution of and as an agent or trustee of her father. We have no doubt he reposed confidence in her that she would so regard it and not repudiate it or claim otherwise, even though the term "trust" was not mentioned or the legal relationship recognized.

All of the evidence of the appellant amounts to but little more than loose statements her father made to third parties. They negative the idea that he had made a gift of the property to his daughter and her husband some ten years before, or that he had placed title in her and his son-in-law with the intention to surrender his real ownership to them at his death or any other time. We do not suppose he intended that his son-in-law should have the property in case he outlived his daughter and himself, which might have resulted. Moreover, he expressed the same purpose as to the disposition of his other property to his other daughter and his grandchildren. So the statements must be regarded as of a testamentary purpose. This seems to have been one of those instances which occasionally occur where a parent intended that a particular child should receive certain of his property or estate but either through ignorance or neglect of legal formalities he failed to execute that intention or purpose.

The appellants urge that the terms of KRS 381.170 must be applied since Mr. Coon voluntarily placed title to the property in the name of his daughter and son-in-law and they did not procure the title without his consent or by fraud. The purpose of the statute, which was originally enacted many years ago, was to abrogate common law or equitable resulting trusts, which were held to have been created or effected in all cases where one person supplied the consideration but title was taken in another person's name. The statute has been frequently interpreted as not to apply where there was an agreement, express or implied, that legal title would be held in trust or for the use of the person who furnished the money. Stiefvater v. Stiefvater, 246 Ky. 646, 53 S. W.2d 926; Hecht's Adm'r v. Hecht, 272 Ky. 400, 114 S.W.2d 499; Morris v. Thomas, 310 Ky. 501, 220 S.W.2d 958; Gibson v. Gibson, Ky., 249 S.W.2d 53; Evans v. Payne, Ky., 258 S.W.2d 919. Such agreement with respect to land if parol, as is that presently before us, must be established by evidence which when closely scrutinized is clear and convincing. Evans v. Payne, Ky., 258 S.W. 2d 919. It may be said here, as was said in

the Hecht case, supra, 272 Ky. 400, 114 S.W.2d 501: "It is not perceived how the evidence could have been more convincing and satisfactory."

Appellant points out that there is no testimony in this record of an express parol trust, the only kind of trust to which our cases have held KRS 381.170 has no application, other than the constructive trust which arises out of fraud. Dotson v. Dotson, 307 Ky. 106, 209 S.W.2d 852. There is no evidence of fraud.

It is true that there is no testimony to the effect that it was expressly stated by Mr. Coon at the time he voluntarily placed this real property in his daughter's name that she was to hold the property in trust. The circumstances under which the deed was made to her and her husband, however, and the after conduct of the parties, strongly indicate there was such a trust agreement. We are merely holding that an express trust in realty may be expressed by conduct or implied from the conduct of the parties subsequent to the transaction by which the trust is allegedly created and from circumstances surrounding that transaction, even though there is no direct testimony to the effect that a trust was intended to be created at the time.

The judgment is affirmed.