**A. L. JENKINS et al., Appellants,**

**v.**

**James A. JENKINS et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1957.

Joe S. Garman, Bell, Orr & Reynolds, Bowling Green, for appellants.

Milliken & Milliken, Bowling Green, for appellees.

CLAY, Commissioner.

In this suit to quiet title to a tract of real estate in Warren County, appellee James Jenkins claimed a one-half interest under an alleged parol trust. The Chancellor upheld the trust, and on this appeal appellants contend there was insufficient evidence to support such a finding.

In 1920 James and his brother Allen, now deceased, jointly purchased the property for approximately $10,000. One-half of the purchase price was paid in cash and the

other one-half was evidenced by two notes signed by both James and Allen.

In 1934, the notes being unpaid, a foreclosure suit was brought. Allen's wife Florence, one of the appellants, with her own money purchased the land at the foreclosure sale for $5,000. Since that date Florence has exercised complete dominion over this property as the sole owner. In 1954 she conveyed it to her son A. L. Jenkins. This suit was brought when a question was raised concerning a possible dower interest of James' wife, and his claim was put in issue by a third-party complaint.

According to the testimony of James, he paid the original cash part of the purchase price. He claimed he was only surety on the notes, and when they were foreclosed, he, his brother Allen and his brother's wife Florence entered into a trust agreement. The terms of the trust agreement as stated by him were that Allen and Florence "were to hold it until we could get enough money to pay out on it". James testified that this trust agreement was reduced to writing but that the lawyer who drew it up has died and the writing cannot be found.

The only other living person who allegedly had knowledge of this trust agreement was Florence. She testified positively that she never signed a trust instrument, and that she did not recall any such agreement.

■ In Potter v. Potter, 180 Ky. 370, 202 S.W. 872, 874, it is stated:

"It is the well-established rule in this state that, in order to show a parol trust against the holder of the legal title, the evidence must be clear, convincing, and satisfactory, and such as to take the case out of the realm of conjecture; and where the evidence is uncertain, conflicting, doubtful, or unsatisfactory, or is susceptible of a reasonable explanation on a theory other than the existence of a trust, no trust will be established."

This rule has been restated in Forsyth v. Wellman, 302 Ky. 21, 193 S.W.2d 402, and Evans v. Payne, Ky., 258 S.W.2d 919.

The proof here is not convincing. It consists solely of the testimony of the person attempting to establish the trust. James insists that his testimony is uncontradicted, but this is not so. Florence denied the existence of a written agreement. While her testimony did not directly deny the existence of any agreement, she stated that she could not recall one.

Other facts cast doubt on the existence of a trust. James' claim of a beneficial interest has languished for over 20 years. It was not asserted until after the death of the only other two persons who allegedly witnessed the making of the alleged agreement, Florence's husband and the lawyer who drafted it. James' own testimony shows that his memory was faulty. Even his stated terms of the agreement are vague and indefinite.

We can find nothing of substance in the record to corroborate James' story.

On the other hand, it may be observed that James furnished no consideration for the alleged trust agreement. The property was purchased by Florence with her own money and she was in no way obligated to James. While a trust may be created without consideration, we think it an important circumstance to consider when the existence of the trust is in dispute. Another persuasive factor is the delay in asserting this claim. While laches was not pleaded, the long lapse of time without steps being taken to fulfill the trust constitutes significant circumstantial evidence of its nonexistence.

■ Under CR 52.01 we must give due weight to a finding of fact by the trial court. However, the question before us is not whether the court reached a proper conclusion on the conflicting evidence, but whether the character of evidence presented was sufficient in law to establish a trust. Under our settled rule that this type of

trust will be given legal sanction only upon clear and convincing evidence, we are of the opinion that appellee James failed to prove his claim.

The judgment is reversed, with directions to enter a judgment consistent with this opinion.