DAYTON, ORVIL L., Jr., Associate Judge.
This is an appeal from a summary final decree entered for the defendants in this suit for an accounting brought by appellant as plaintiff below against the defendants, D. O. Shepard and wife. Plaintiff purchased an apartment building in Louisville, Kentucky, in 1946 and placed title in the name of the defendants. Mrs. Shepard had been employed by plaintiff for many years and she and her husband had lived in another apartment building belonging to plaintiff and collected the rents and managed the property. The relationship between the parties was close.
Plaintiff alleged that upon conveyance of the property to the defendants they were to pay off a mortgage on the property from rents received and would pay the profits to the plaintiff, and further, that defendants would convey the property to the plaintiff upon demand, and would receive from plaintiff reasonable compensation for their services. Plaintiff further alleged that he requested an accounting in 1950 and that after repeated requests the property was finally re-conveyed to him in 1956 and that defendants had never accounted to him for the rents, but did pay over to him the sum of $3,000 in 1952 and $1,000 in 1953.
The defendants by their answer admitted that they deeded the property to plaintiff in 1956 without consideration. While they held title defendants placed a mortgage of $13,000 on the property on which approximately $10,000 was outstanding at the time of the re-conveyance to plaintiff which amount plaintiff paid. It appears that all agreements with respect to the property were oral.
The plaintiff seeks to establish a resulting trust contending that the Statute of Kentucky; KRS 381.170, which abrogates the general law of resulting trusts except for certain instances has been construed by the Courts of Kentucky as being not applicable to transactions where there is an agreement, either expressed or implied, that the person taking a title will hold it in trust for the person furnishing the money. Wilson v. St. Clair, Ky.1955, 286 S.W.2d 554; Evans v. Payne, Ky.1953, 258 S.W.2d 919; Smith v. Smith, Ky.1909, 121 S.W. 1002.
It appeal's from the deposition of the parties that defendant D. O. Shepard was not a party to the discussion between Mrs. Shepard and Mr. Riedling and his deposition states that he had no knowledge from the transaction except what he obtained from his wife. Plaintiff Riedling testified that there was no agreement between himself and Mr. Shepard concerning the property. On this basis the Court below granted summary final decree in favor of Mr. Shepard holding that there was no agreement expressed or implied between the plaintiff and D. O. Shepard such as-would entitle plaintiff relief against him.
The appellant presents two questions to be answered by this Court:
1. Whether there was an agreement, implied or expressed, that would entitle the appellant, R. D. Riedling, to an account from the appellee, D. O. Shepard?
*305 2. Whether the pleadings in the deposition upon which the summary decree was based will support a finding of an absence of a genuine issue of any material fact?
The law of Kentucky is apparently governed by the cases above-cited as follows:
“Where the consideration is supplied by one person but title is taken in another person’s name, and there was an agreement expressed or implied by the conduct of the party that legal title would be held in trust or for the use of the person who furnished the money that the Statute abrogating common law or equitable resulting trusts does not apply.”
The cited case of Evans v. Payne approves the language of Smith v. Smith, both supra, as follows:
“The kind of equitable resulting trust abolished by KRS 381.170 is one arising upon the naked fact that one furnished the consideration to buy land while the title thereto is taken by another, without any agreement as to the use or the trust.” [258 S.W.2d 921]
It was testified by Mrs. Shepard that she understood the conveyance of the property to herself and husband from plaintiff Ried-ling was a gift. Her statement was that Mr. Riedling gave her the money, $20,000, to pay for the property for services rendered in helping him in his business affairs. It does not appear that Mrs. Shepard gave any explanation as to why title to the property was taken in both the name of herself and her husband. It is difficult to see how there could be any valid agreement for the conveyance of property to husband and wife without the agreement applying to both husband and wife. It further appears that Mr. Shepard knew of the payment of $3,000 to Mr. Riedling, but had no explanation for that.
These instances indicate to us that there are genuine issues of fact which should be resolved by the Chancellor and for that reason we reverse this cause and remand the same for further proceedings not inconsistent with this opinion.
ALLEN, C. J., and SHANNON, J., concur.