# O'Donnell et al. v. O'Donnell et al.

June 3, 1947.

Joseph P. Goodenough, Judge.

S. W. Adams for appellants.

James E. Quill for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Frank J. O'Donnell and his wife, Julia, contracted to purchase a house in South Ft. Mitchell in May, 1943, for the sum of $9,100, payable in cash. The contract was accompanied by a check in the sum of $750, which was drawn on the joint account of the O'Donnells. When the deed was drawn the two infant children of the O'Donnells were made the grantees. Two years after the purchase the O'Donnells instituted this action to have the deed reformed so as to have themselves rather than their infant children made the grantees.

A brief summary of the undisputed facts follows: The deed was drawn by an attorney who represented

the seller. He obtained his information as to whom should be made grantees from the real estate agent, and he said had he known they were infants he would not have prepared the instrument without consulting the buyer. The entire purchase price was paid from funds of the appellees—$3,500 from the savings account of Mrs. O'Donnell, and the remainder from their joint funds. Mrs. O'Donnell did not know that her children had been made grantees in the deed and Mr. O'Donnell was ignorant of the legal effect of the act. The O'Donnells did not consult a lawyer. The transaction was completed at the office of the Kenton County Clerk, where the deed was left for record. It was not seen by the appellees until they attempted to sell the house. During the two years the house was occupied by the entire O'Donnell family Mr. O'Donnell paid all the costs of maintenance.

The chancellor directed a reformation of the deed as requested by the O'Donnells. The attorney who acted as guardian ad litem for the infants has prosecuted this appeal.

The chancellor stressed the facts that a substantial part of the purchase price was paid from the exclusive funds of Mrs. O'Donnell and the remainder from the joint funds of the couple; that the parents exercised complete control over the property and its use; and that: "The purchase price of the property was $9100.00 and represented the entire life savings of the parents. While a gift of such size might be presumed where the parents enjoyed a considerably larger estate, it seems very clear that persons in the economic position of the O'Donnells would not deprive themselves of their all to the needless enrichment of their children." We are in accord with the chancellor's view of the case and think his judgment should be affirmed for the reasons hereinafter set forth.

In 54 Am. Jur., Trusts, section 205, under the heading of Effect of Domestic Relationship between Grantee and Payor, it is said: "It is the general rule, founded on the common knowledge that a conveyance on a consideration is in fact usually intended as a gift or settlement, that a conveyance on a consideration from a husband, parent, or other person, where title is taken in

the name of the wife, child, or other natural object of the purchaser's bounty, generally does not raise, and, on the contrary, rebuts, a resulting trust, and raises a presumption of a gratuitous settlement on the wife, child, or other object of the bounty. The rule has been applied where the grantee is a son-in-law. But the presumption of a settlement or gift is rebuttable by proof of a contrary intention, and on such rebuttal a resulting trust arises. Furthermore, whether a trust results or a settlement or advancement is presumed depends generally upon the character of the transaction at its inception, and not upon subsequent acts or declarations.'' Unquestionably, there is a presumption of a gift from the O'Donnells to their children, but, as noted above, this presumption is rebuttable by proof of a contrary intention.

In American Law Institute, Restatement, Trusts, Vol. 2, section 443, under the heading of Rebutting the Presumption of a Gift to a Relative, it is said: ''Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises.'' Under Comment a. it is pointed out that parol evidence is admissible to rebut the inference of a gift.

The court properly permitted the parol evidence offered by the appellees to rebut the presumption of a gift of the property to their children. Clearly all of the facts and circumstances relating to the transaction support the position of the O'Donnells. Some point is made that clear and convincing proof is required to overcome a presumption such as the one here involved; however, that is not the rule, but, even if it were, our conclusion would be the same. Section 1039, Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 4, supports the authorities heretofore mentioned. In section 1041 it is pointed out that such a presumption may be overcome by the same quantum of evidence as is required to overcome any other rebuttable presumption.

Judgment affirmed.