## MULLINS et al. v. MULLINS et al.

Court of Appeals of Kentucky.
March 28, 1952.

Napier & Napier, C. W. Napier, and C. W. Napier, Jr., all of Hazard, for appellants.

Carl Perkins, John Chris Cornett, Hindman, for appellees.

CLAY, Commissioner.

The principal objective of this action is to have set aside certain deeds made by an aging father to the children of his second wife. Secondarily, a question of resulting trust and a claim for services is involved. The plaintiffs, appellants here, are the children of the deceased grantor by his first marriage.

The claim to have the deeds cancelled is based on the grounds of fraud, deceit, undue influence and mental incapacity. As the case developed, the latter ground is the principal one upon which appellants relied. The Chancellor adjudged the deeds were valid, the trust was not sustainable, and the claim for services should not be allowed.

The father, about 70 years of age, died in November 1946. In June of that year he had, by separate deeds, conveyed all of his real estate to six children of his second marriage. In April of 1944 he had theretofore conveyed a tract of his land to another son by the second marriage. These acts effectively cut off any inheritance by the children of his first marriage.

In his later life the father was in very bad physical condition. He was suffering from dropsy, uremic poisoning and epilepsy. He was subject to fits and spells, and needed rather constant care. He seems to have visited around among his various children.

A great deal of evidence was introduced, and most of the witnesses were interested. Appellants testified that their father was sick and helpless; would be subject to fainting spells; had to be taken care of; had difficulty remembering; and was not capable of understanding business transactions, or of knowing how to make a proper disposition of his property. Two doctors testifying on their behalf did not think he was mentally competent in the later period of his life.

On the other hand, a physician who had known the deceased for fifteen years and who treated him shortly before his death testified that he was mentally competent. The notary public who took the acknowledgment of the earlier deed in 1944

was of the same opinion. Another notary public, who took the acknowledgment of the deeds executed in 1946, testified that he drafted them under the direction of the grantor. He was of the opinion that since the latter was able to outline the detailed descriptions which were put in the deeds, it certainly indicated he was mentally capable of making these conveyances.

A neighbor who had lived nearby for a number of years also testified that the grantor's mind was good. A preacher likewise was of the same opinion.

It is apparent that we have a decided conflict in the evidence concerning the grantor's mental capacity. While no reason is shown why he should have given all his property to his younger rather than divide it among all his children, he had a right to do so if he so desired. Appellants had the burden of overcoming the presumption that the grantor had the mental capacity to execute the solemn instruments. See Caldwell v. Hatcher, Ky., 248 S.W.2d 892. There is no evidence of substance that he was overreached or imposed upon, nor was undue influence exercised. The opinion of the Chancellor indicates that he carefully considered the evidence, and it does not preponderate in appellants' favor. We therefore see no reason to disturb his finding on this question. The deeds involved were valid.

Appellants assert a right to part of the property conveyed on the ground that in 1899 their mother paid the consideration when it was deeded to their father. This claim is based upon a resulting trust. The proof fails to show that even if the mother paid the consideration, about which there is doubt, the title was taken by her husband without her consent. Under KRS 381.170 no trust would result.

Appellant Tilda Potter filed in this suit a claim in the amount of $2,160 for services rendered for upkeep and support of her father. The proof fails to support this claim, and she is estopped to assert it

because she filed with the administrator, and was allowed, a claim for $100 for these services.

The judgment is affirmed.