**Luther HORN, Appellant,**

v.

**Jerry HORN, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1978.

L. Owen Doyle, Paintsville, for appellant.

John R. Triplett, Inez, J. K. Wells, Wells, Porter & Schmitt, Paintsville, for appellee.

Before COOPER, HOWARD and PARK, JJ.

HOWARD, Judge.

This is an appeal from the Martin Circuit Court wherein an oral trust agreement between plaintiff-appellee, Jerry Horn (hereinafter referred to as Jerry), and defend-

**320**

ant-appellant, Luther Horn (hereinafter referred to as Luther) was found to be valid and enforceable. Luther was adjudged to be holding in trust for Jerry the entire tract of land previously owned by Burnam Cassidy (hereinafter referred to as the Burnam tract), and to be holding in trust for Jerry an undivided one-half interest in the two tracts of land previously owned by Samuel Cassidy (hereinafter referred to as the Samuel tracts).

Luther questions on this appeal whether a parol trust was established on the basis of the evidence presented.

The resulting trust abolished by KRS 381.170 is one arising from the naked fact that a person has furnished consideration to buy land while title to that land is taken by another, without any agreement as to use. *Gibson v. Gibson,* Ky., 249 S.W.2d 53 (1952). That statute has no application when there is an express parol agreement establishing a trust because the section of the Statute of Frauds, which provides that all trust of land should be manifested in writing, has never been adopted in the Commonwealth of Kentucky. KRS 371.010. *Jenkins v. Jenkins,* Ky., 300 S.W.2d 564 (1957).

The evidence to establish a parol agreement creating a trust in land must be greater than a preponderance of the evidence, and must be definite, clear, and convincing. The evidence is to be closely scrutinized and carefully weighed by the courts. *Moore v. Terry,* 293 Ky. 727, 170 S.W.2d 29 (1943).

Luther alleges that he purchased the Burnam tract and the Samuel tracts for himself, and that no agreement existed between he and Jerry that Luther was holding the properties in trust for Jerry. Jerry alleges that he paid all of the consideration for the Burnam tract and one-half the consideration for the Samuel tracts, and that it was understood that Luther would convey the properties to Jerry upon Jerry's request.

Several years prior to the actual purchase of the Burnam tract, Jerry was going to purchase the property from a Mrs. Cassidy (Burnam's mother). Before the deed was made, Mrs. Cassidy died and Burnam inherited that land. Burnam contacted Jerry about purchasing the property and the price of $2,000.00 was agreed upon. The facts concerning this tract thereafter are in dispute.

Luther alleges that, after these negotiations, Jerry changed his mind about purchasing the property. Jerry asked Luther if he was interested in buying the property and told him he could help him get it. Luther claims he paid the entire consideration for the property, part of the money coming out of his safe at home and $1,000.00 coming from a loan from Homer Horn. Luther gave the money to Jerry, Jerry closed the deal and handed the deed to Luther. Homer Horn supported Luther's testimony. Luther's name of course, appears on the deed.

Jerry claims that Luther advised him to put the deed in his name so that Jerry's wife could not get part of it. Jerry and his wife were experiencing marital problems and were separated. Jerry testified that he woke Luther up and got $500.00 from him, which Luther was supposedly holding for Jerry. Jerry than went to the bank where he met Burnam Cassidy; told the secretary who was preparing the deed to put it in Luther's name; cashed four payroll checks; and paid for the property.

Both Burnam Cassidy and his wife state they did not know that Luther's name was on the deed. They thought that they were selling the property to Jerry. Burnam Cassidy testified that Jerry had to go to the bank window to get some checks cashed before he paid for the property.

Concerning the Samuel tracts, Luther claims that the purchase price was $3,000.00. He testified that he paid Samuel Cassidy $1,054.00 by check, paid a mortgage at the bank in the amount of $867.96 and gave him over $1,000.00 in cash. The cancelled check and the released mortgage were introduced into evidence. The deed recites that the consideration was $1,054.00 and, of course, the deed is in Luther's name.

Homer Horn again testified that he saw Luther give Samuel Cassidy the money and the check.

Jerry testified that he contacted Luther to go halves with him on this transaction. He further testified that the purchase price was $4,000.00 and that he paid $1,095.00 in cash to Samuel Cassidy. He testified that Luther was to pay off the mortgage and was to pay $1,054.00. The record does not explain the apparent discrepancy in the figures. Samuel Cassidy corroborated Jerry's story that both Jerry and Luther paid him and they were partners in buying the property. Jerry testified that Luther told him (Jerry) that he had put his (Luther's) name on the deed and asked if that was all right.

Jerry presented some six witnesses from the community who had talked to Luther at various times. They all testified that Luther had indicated to them that the Burnam tract was Jerry's, and that the Samuel tracts were his and Jerry's.

Jerry resides in Columbus, Ohio and Luther resides in the area. Luther paid the taxes on the properties. No rent passed between Luther and Jerry. Luther, at one time, moved a house onto one of the properties and also bought some fill dirt for one of the properties. A tenant who rented the house which had been moved, testified that he was aware he was renting from both Luther and Jerry, although Luther collected and pocketed the rent.

The evidence here is contradictory. The testimony of Jerry is corroborated, in part, by the testimony of the grantors of the properties. There is also the testimony of the residents of the community as to Luther's statements about the ownership of the properties. The evidence here does not consist solely of the testimony of the person trying to establish the trust, as in *Jenkins, supra.*

We believe that the evidence is clear and convincing enough to establish the oral trusts for both the Burnam tract and the Samuel tracts.

The judgment of the trial court is affirmed.

ALL CONCUR.