98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John H.O. LaGATTA, d/b/a Dumfrieshire Corporation, Plaintiff-Appellant,
Malone & Hyde, Inc., Intervenor
Plaintiff/Defendant-Counterclaimant/Third-Party
Plaintiff/Counterdefendant,
v.
MALONE & HYDE FOOD COMPANIES, INC., Defendant-Counterclaimant.
DUMFRIESHIRE CORPORATION,
Plaintiff-Appellant/Counterclaimant/Third-Party Defendant,
v.
FOOD GIANT SUPERMARKETS OF ARKANSAS, INC.; Piggly Wiggly
Mid-South, Inc.; Kenneth Storey, Defendants-Appellees.
 Nos. 95-5362, 95-5363.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 John H.O. LaGatta ("LaGatta") and the corporation he controls called Dumfrieshire Corporation, appealed the lower court's findings (1) that no meeting of the minds occurred with respect to a certain land deal ("the Nationwide deal") between LaGatta and defendant Malone & Hyde; (2) that LaGatta held legal title to a piece of property in Madisonville only in oral trust for Malone & Hyde; (3) that Dumfrieshire was merely the alter ego for Mr. LaGatta; and (4) that LaGatta was not entitled to relief against Malone & Hyde and Food Giant, Piggly Wiggly and Mr. Storey ("Storey Affiliates") for damages which allegedly occurred when the Storey Affiliates vacated the Madisonville property. Upon review of the plaintiff-appellants' assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that plaintiff's assignments of error are misconceived and without merit. Accordingly, the findings and judgment of the lower court are AFFIRMED.[1]
 
 
 2
 Further explanation is appropriate, however, concerning the application of Ky.Rev.Stat. § 381.170 (1993). The statute states:
 
 
 3
 When a deed is made to one person, and the consideration is paid by another no use or trust results in favor of the latter unless the grantee takes a deed in his own name without the consent of the person paying the consideration, or unless the grantee in violation of a trust purchases the lands deeded with the effects of another person. Such deeds are fraudulent as against the existing debts and liabilities of the person paying the consideration.
 
 
 4
 Id. Contrary to the plaintiff's argument, the statute, as interpreted by the Tennessee courts, does not bar the creation of a trust under facts similar to those of this instant case. As one Tennessee appellate court stated, the "statute has no application when there is an express parol agreement establishing a trust because the section of the Statute of Frauds, which provides that all trust of land [sic] should be manifested in writing, has never been adopted in the Commonwealth of Kentucky." Horn v. Horn, 562 S.W.2d 319, 320 (Ky.App.1978). In other words, the statute simply abolishes the common law rule that created a resulting trust merely from "the naked fact that a person has furnished consideration to buy land while title to that land is taken by another." Id. An express oral agreement is alleged in the instant proceeding; accordingly, the above statute is inapplicable to our case.
 
 
 5
 Judgment of the trial court is AFFIRMED.
 
 
 6
 MOORE, Circuit Judge, concurring.
 
 
 7
 I concur in this court's judgment affirming the district court's judgment. I write separately simply to note that the district court's analysis concerning piercing of the corporate veil is unnecessary to the resolution of this case. Therefore, although the district court's analysis of this issue appears to be incorrect under Kentucky law, see, e.g., United States v. WRW Corp., 986 F.2d 138, 143 (6th Cir.1993); White v. Winchester Land Dev. Corp., 584 S.W.2d 56, 62 (Ky.Ct.App.1979), it is appropriate nonetheless to affirm the district court's judgment.
 
 
 
 [1]
 This Court finds the lower court's discussion concerning the "piercing of the corporate veil" redundant to a disposition of this case in both the trial court and upon appellate review