Svetlana RAKHMAN, (a/k/a Svetlana Zusstone), Appellant,

v.

Eliah ZUSSTONE, Appellee.

No. 96–SC–497–DG.

Supreme Court of Kentucky.

Oct. 30, 1997.

Rehearing Denied Jan. 22, 1998.

James E. Morreau, Jr., Kruger, Schwartz
& Morreau, Bruce A. Brightwell, Trautwein
& Keeney, Louisville, for Appellant.

Eliah Zusstone, Pro Se .

## OPINION

STUMBO, Justice.

At issue herein is the proper disposition of real property purchased during the course of a lengthy, non-marital relationship and placed only in the name of one party. It is undisputed that Appellee, hereinafter "Zusstone," was the source of the funds used in the purchase of the home. Appellant, hereinafter "Rakhman," contends that the $415,000 home was a gift to her on the occasion of the birth of the parties' second child. Zusstone argues that the property was held in trust by Rakhman for his benefit. We hold that under the facts of this particular case no trust was established, the law of gifts applies, and that Rakhman prevails.

Following a lengthy series of hearings in the circuit court, the following evidence was adduced. The parties began living together without benefit of wedlock sometime in 1979. Following the birth of their second child, the home was purchased for cash in July of 1985. The home was used as the parties' residence until their separation in 1992.

The trial court made the following findings in connection with the purchase of the home:

The facts of this case are replete with examples of the petitioner buying property and placing the title to the real estate in another person's name. Specifically, on several occasions, [Zusstone's] own residence was placed in his mother's name. Each of these transactions are illustrative of the modus operandi of [Zusstone.] The Woodstone transaction is just another example of Mr. Zusstone's unique methods of buying property and holding property in the name of another person. Except for the testimony of [Rakhman] that the house was a gift to her, there is no other clear and convincing evidence of donative intent on the part of [Zusstone]. . . . This placing of [Rakhman's] name on the deed was not a gift but was just another example of Mr. Zusstone's financial maneuvering for what purpose the Court is not prepared to speculate. There is no clear and convincing evidence of a gift as required by the case law.

On Motion to alter and amend, the trial court noted that its earlier finding was not accurate and, in fact, the parties' previous homes had been held in Zusstone's name alone, in the name of one of his many corporations, in the names of Zusstone and Rakhman jointly, and in the name of Zusstone's mother.

The trial court specifically found that the evidence did not support the finding of a trust, explaining that "the issue of parol and constructive trust . . . might apply in this situation if the evidence was clear at the time of the transfer that [Zusstone] was trying to avoid his creditors and liabilities. This evidence is far from clear and not borne out by the testimony." The court's ruling was based solely on the law of gifts, holding that "the issue of whether or not the . . . property was a gift is depsitive [sic] of the issue of who owns the property." Again, the trial court stated that it was incumbent upon Rakhman to prove by clear and convincing evidence that Zusstone intended to make a gift to her when he caused the property to be placed in her name. The Court of Appeals affirmed that ruling and we granted discretionary review.

■ We begin by noting that it has long been the law in Kentucky that "[r]ecord title or legal title is an indicia sufficient to raise a presumption of true ownership." *Tharp v. Security Ins. Co. of New Haven*, Ky., 405 S.W.2d 760, 765 (1966). In *O'Donnell v. O'Donnell*, Ky., 305 Ky. 60, 202 S.W.2d 999, (1947), the Court was faced with an issue of whether a deed to property placed in the name of two infants should be reformed. The then-Court of Appeals quoted with approval the following language from 54 Am. Jur., Trusts, § 205:

It is the general rule, founded on the common knowledge that a conveyance on a consideration is in fact usually intended as a gift or settlement, that a conveyance on a consideration from a husband, parent, or other person, where title is taken in the name of the wife, child, or other natural object of the purchaser's bounty, generally does not raise, and, on the contrary, rebuts, a resulting trust, and raises a presumption of a gratuitous settlement on the wife, child, or other object of the bounty. The rule has been applied where the grantee is a son-in law. But the presumption of a settlement or gift is rebuttable by proof of a contrary intention, and on such rebuttal a resulting trust arises.

*Id.* at 61–62, 202 S.W.2d at 1000.

■ Restatement (Second) of Trusts, § 442 (1959) contains language similar to that quoted in *O'Donnell, supra:*

Where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.

■ As Zusstone notes in his argument, to establish a constructive trust, there must be clear and convincing evidence of a specific agreement, either express or implied, that the title is held in trust or clear and convincing evidence that the title was obtained by the grantee by fraud or in violation of a specific agreement or understanding. *Bryant's Adm'r v. Bryant*, Ky., 269 S.W.2d 219 (1954); *Horn v. Horn*, Ky.App., 562 S.W.2d 319 (1978).

■ The Restatement expands on the notion of the natural object of one's bounty, noting:

The application of the rule stated in this Section is not determined by the closeness of the relationship or the extent of natural affection between the payor and transferee. It is rather a question of whether the transferee stands in such a relationship to the payor that it is probable that the payor intends to make a gift to the transferee. It is inferred that he does intend to make a gift if the transferee is by virtue of the relationship a natural object of his bounty.

Restatement (Second) of Trusts § 442 cmt. a (1959).

■ The issue then is whether Rakhman comes within that class of persons who would be the natural object of Zusstone's bounty. This issue is not one that has been directly addressed in the Commonwealth under this sort of factual scenario. It strikes this Court, however, that with an application of common sense, one with whom the donor has shared a home for nearly twelve years, who has been represented to the public as the donor's spouse, who has adopted the use of the donor's surname, and who has borne the donor two children and has shared the demands and joys of parenting with the donor, would come within a practical definition of the phrase.

■ At the risk of boring the reader, we quote further from the commentary regarding some of the legal ramifications of transfer of title:

The fact that the transferee is a wife, child or other natural object of bounty of the payor is more than merely a circumstance tending to rebut the inference of a resulting trust. It is of itself a circumstance sufficient to raise an inference that a gift was intended, and the burden is upon the payor seeking to enforce a resulting trust to prove that he did not intend to make a gift to the transferee.

Restatement (Second) of Trusts § 442 cmt. b (1959).

■ Having determined that the necessary relationship existed between the parties for Rakhman to be considered the natural object of Zusstone's bounty, we next consider the circumstances of the transfer. The property was purchased for cash in 1985, using funds transferred by Zusstone into a corporate bank account over which Rakhman had sole control. She wrote and signed the check tendered in payment for the house and the deed was placed in her name alone. During the ensuing six years, any person searching the deed rooms of Jefferson County would simply find that Rakhman owned this property free and clear. Rakhman testified that when the house was purchased, Zusstone stated that it was a gift to her, a house for her to raise the children in.

■ Rakhman clearly established the prerequisites to receive the benefit of the presumption of a gift. To overcome that presumption, Zusstone must produce "the same quantum of evidence as is required to overcome any other rebuttable presumption." *O'Donnell*, 305 Ky. at 62, 202 S.W.2d at 1000.

What then is the quantum of evidence? KRE 301 addresses the use of presumptions in civil actions and proceedings, stating:

> In all civil actions and proceedings when not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

■ Because we are evaluating the efficacy of a gift, we examine what it takes to find a valid gift: "[T]here must be a gratuitous and absolute transfer of the property from the donor to the donee which takes effect immediately and is fully executed by delivery of the property by the donor and the acceptance thereof by the donee." *Knox v. Trimble*, Ky., 324 S.W.2d 130, 132 (1959). "[T]he general rule is that the lodging of a deed for record in the proper office by the grantor is sufficient to constitute a delivery." *Nunn v. Justice*, Ky., 278 Ky. 811, 819, 129 S.W.2d 564 (1939). *See also Linthicum v.* *Pruden*, Ky., 313 Ky. 527, 233 S.W.2d 98 (1950). "[W]here property is conveyed as a gift, the transaction is by its very nature unilateral, and the grantee's intent or conduct (other than acceptance) plays no part in fixing the rights of the parties." *Twyford v. Huffaker*, Ky., 324 S.W.2d 403, 406 (1959).

■ Here, the purchase money was placed by Zusstone into a bank account on which Rakhman was the sole signatory, the check was signed by Rakhman, the deed was prepared naming Rakhman the owner of the property and said deed was properly recorded. The only evidence produced by Zusstone to rebut the presumption was his own testimony that he put the property in Rakhman's name with her consent and promise to reconvey it upon his request, as well as evidence that he had held other property in corporate and his mother's names. He offered no corroborating evidence about this particular transaction. The fact that he had not previously titled property in Rakhman's name only, as he had in his mother and others, cuts both ways, supporting Zusstone's contention that he put property in the name of those he trusted, as well as Rakhman's position that the property was a gift to her from him. Additionally, it was only when the parties separated that Zusstone asserted a beneficial interest, some six years after the original transaction.

■ The trial Court erroneously placed upon Rakhman the burden of proving by clear and convincing evidence that the home was a gift to her from Zusstone. As discussed above, the proper allocation of the burden of going forward would have been to note that the placing of title by Zusstone in Rakhman raised a rebuttable presumption that he had made a gift to Rakhman, the natural object of his bounty. Once Zusstone put in his own testimony and the evidence of his prior real estate transaction history, Rakhman bore the "risk of nonpersuasion," as opposed to the more demanding "clear and convincing" standard of proof required to establish a trust. This burden can also be described as the "preponderance of the evidence" or "more probably true than not." R.

Lawson, *The Kentucky Evidence Law Handbook*, § 9.00, at 517 (3d ed.1993).

In sifting through the evidence and applying the proper standard, we conclude that given the nature of real property, the formalities of title, the way in which the transaction was consummated, the timing of the purchase, and the fact that Rakhman was the natural object of Zusstone's bounty, Zusstone produced insufficient evidence to support a finding that this transaction was anything other than a gift by Zusstone to Rakhman. The decision of the Court of Appeals is hereby reversed, and this matter is remanded to the Jefferson Circuit Court for entry of a judgment consistent with this opinion.

COOPER, GRAVES, JOHNSTONE, LAMBERT, and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., concurs by separate opinion, in which GRAVES, J., joins.

COOPER, J., files a separate concurring opinion, in which GRAVES and WINTERSHEIMER, JJ., join.

STEPHENS, Chief Justice, concurring.

I respectfully disagree with the majority opinion, only to the extent that it does not remand this case to the trial court. To quote from the majority opinion, "Rakhman bore the 'risk of nonpersuasion,' as opposed to the more demanding 'clear and convincing' standard of proof required to establish a trust." I fully agree with the majority that the trial court improperly applied the burden of proof in this case. However, neither this Court nor the Court of Appeals, both being appellate courts, is in the business of fact finding. It is due to that fact, as well as those mentioned in the majority opinion, that I would reverse the Court of Appeals and remand to the Jefferson Circuit Court for taking of proof and application of the proper standard.

GRAVES, J., joins this concurring opinion.

COOPER, Justice, concurring.

While I agree with the gift analysis set forth in the majority opinion, I believe this case is controlled by KRS 381.170, which states as follows:

When a deed is made to one person, and the consideration is paid by another no use or trust results in favor of the latter unless the grantee takes a deed in his own name without the consent of the person paying the consideration, or unless the grantee in violation of a trust purchases the lands deeded with the effects of another person. . . .

This statute has been held to preclude a wife's heirs from claiming title to land purchased with her money but deeded to her husband with her knowledge and consent. *Martin v. Franklin,* 159 Ky. 816, 169 S.W. 599 (1914); *see also Mullins v. Mullins,* Ky., 247 S.W.2d 527 (1952); *Kitchen v. Fischer,* 293 Ky. 787, 170 S.W.2d 592 (1943); *Hall v. Walton,* 291 Ky. 779, 165 S.W.2d 806 (1942). In *Horn v. Horn,* Ky.App., 562 S.W.2d 319 (1978), the Court of Appeals held that this statute does not preclude proof of an express parol agreement that the grantee would hold the property in trust for the person furnishing the consideration. Even if that is true, there is no evidence, much less the clear and convincing evidence required by the Court of Appeals in *Horn,* of such an express agreement in this case.

GRAVES and WINTERSHEIMER, JJ., join this concurring opinion.