**Sue Ellen HOHEIMER, Appellant,**

**v.**

**Kenneth R. HOHEIMER, individually and as Executor of the Estate of Penelope Ann Hoheimer, deceased, Appellees.**

No. 1999–SC–0329–DG.

Supreme Court of Kentucky.

Oct. 26, 2000.

**WINTERSHEIMER, Justice.**

This appeal is from a decision of the Court of Appeals affirming a judgment by the circuit court which denied a partition of real estate.

The questions presented are whether extrinsic evidence can be used to vary the terms of an unambiguous deed; whether a resulting trust can be implied from a voluntary conveyance in the absence of an expression of intent and whether the finding by the trial court was clearly erroneous.

This matter involves a family dispute between a daughter and her parents over the ownership of a farm known as "The McCoughtery Farm ." The daughter, who was 47 years of age at the time of trial, is the only child of the elder Hoheimers. Through a series of deeds, beginning on December 28, 1976, the Hoheimers conveyed various interests in the farm to their daughter for no consideration other than "love and affection." All the deeds were prepared by an attorney for the parents. The parents testified that the deeds were prepared for the purpose of reducing the amount of estate or inheritance taxes that could be payable at death. The deeds conveyed an undivided fee interest without reservation; there is no language in any of the instruments reserving a life estate or otherwise limiting the conveyance to a remainder interest.

Prior to the filing of this lawsuit, the daughter and the parents engaged in a farming operation pursuant to which they equally divided the net income generated by the farm. As a result of the execution of the deeds, the daughter accumulated a 77.3 percent ownership interest in the farm, leaving the parents with the remaining 22.7 percent interest. The parents did not discuss the deeds with the daughter except to tell her that the first instrument had been executed and placed of record. There was no discussion of the deeds with the daughter before their execution and the parents indicated that the daughter did

Harry Mathison, King, Deep and Branaman, Henderson, for Appellant.

Stephen M. Arnett, Ruark, Hulette & Arnett, Morganfield, for Appellee.

nothing to induce them to execute any of the deeds.

The relationship of the parties deteriorated sometime in 1989 as a result of the living arrangements of the daughter which displeased the parents. In 1995, the parents sought an informal division of the property, but an agreement was not reached. The daughter then instituted a partition action against her parents. The trial judge permitted extrinsic evidence as to the intentions of the parties concerning the transfer. He found that the parents never intended to give up control of the farm and that the daughter never expected to receive control or ownership of the farm until the death of her parents. The circuit judge concluded that a constructive or resulting trust was created by the conveyance to the daughter. The Court of Appeals affirmed the judgment of the circuit court but rejected the constructive trust theory and instead held that a resulting trust was created. This appeal followed.

During the pendency of the appeal, Penelope Ann Hoheimer, the mother, died. Kenneth R. Hoheimer, her husband, has been named executor of her estate and has been substituted as a party pursuant to CR 76.24(a).

## I. *Extrinsic Evidence*

 The trial judge was clearly erroneous in admitting extrinsic evidence to vary the terms of a series of unambiguous deeds of conveyance. An examination of the deeds in question does not indicate any intent other than to convey a fee simple interest. There is nothing in any of the deeds that could be considered ambiguous. Extrinsic evidence cannot be admitted to vary the terms of a written instrument in the absence of an ambiguous deed. *Sword v. Sword*, Ky., 252 S.W.2d 869 (1952). Thus, it was improper for the trial judge to consider any evidence to vary the clear language of the deeds.

 There is no language in the deeds indicating the reservation of a life

estate. Clearly, there is nothing in any of the deeds to suggest any intention other than the conveyance of a fee simple interest. The intention of parties to a written instrument must be gathered from the four corners of that instrument. *Cf. Riley v. Riley*, Ky., 266 S.W.2d 109 (1954). The interpretation by the trial judge of the intention of the parents/grantors is not supported by any competent evidence.

## II. *Resulting Trust*

 A resulting trust cannot be implied from the voluntary conveyance in the absence of an express intent in such conveyance. The Court of Appeals correctly distinguished between a constructive trust and a resulting trust and rejected the theory that a constructive trust had any application in this case. Consequently, we are left with a question as to whether a resulting trust could be found on the basis of this record. The Court of Appeals found that it could but we must disagree.

 The creation of a resulting trust requires a finding of an intention to create a trust. There is no such evidence in this record. There is nothing in any of the documents to indicate an intention to hold the property in trust. There is no designation of a trustee, no recitation of authority or powers, and no limitations are placed on the use of the property by the grantee, the daughter.

 In this situation, there is nothing in the deeds from which an intention to create a trust can be ascertained, and the law should not imply such an intention from the fact that the conveyance is either voluntary or without monetary consideration. As noted in Bogert, *Trusts and Trustees* 2d Ed. § 453 (1964), a voluntary conveyance with nothing more, does not entitle a grantor to a resulting trust:

If one makes a voluntary conveyance with no express mention of a use or a trust, the average business person would assume that the grantor intended to give away his or her property. The leaving

of the reservation of interests to implication is not in accord with modern notions.

Such a conclusion should not be left only to the average business person, but to any rational being, and the consideration of love and affection does not alter this conclusion.

The Restatement (Second) of Trusts, § 404 (1959), defines when a resulting trust arises:

A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of.

Section 405 of the Restatement (Second) of Trusts recites only three situations in which a resulting trust can be declared; first, where a private or charitable trust fails in whole or in part; second, where a private or charitable trust is fully performed without exhausting the trust estate, and finally, where property is purchased and the purchase price is paid by one person and at his direction, the vendor transfers the property to another person. None of these situations applies to this case.

*Mills v. Mills,* 261 Ky. 190, 87 S.W.2d 389 (1935), held there was no presumption of a resulting trust where the deed was for a nominal consideration and that the conveyance would be presumed to be a gift. *Mills, supra,* also holds that the proof of a trust must be of such a nature as will leave no doubt about the truth of the necessary facts.

■ *Moore v. Terry,* 293 Ky. 727, 170 S.W.2d 29 (1943), which deals with a constructive trust theory, declined to impose a resulting trust because there was no proof of a parol agreement to hold in trust. Here, there is no evidence indicating an agreement between the parties to establish a trust. The father admitted in his testimony that no restrictions were placed on the ownership interest of the daughter. Moreover, the stated intention to minimize inheritance and estate tax liability cannot be reconciled with an intention to create such a trust. A parol trust cannot be found in the absence of an agreement. *Panke v. Panke,* Ky., 252 S.W.2d 909 (1952).

One of the principal reasons for recording deeds is to give notice to all the world and all interested parties of a transfer of interest in land. It is necessary that stability be accorded to a recorded deed because without such protection, third parties cannot rely on the real estate records, and land conveyances could become speculative as to true ownership in a proper chain of title. If an otherwise unambiguous deed can be attacked, then few, if any, can rely on a deed of record and there can be no certainty in examining real estate titles. In the legal sense there is no difference between a deed from a parent to a child and a deed between total strangers. In order to assure such inviolability, the rule in Kentucky continues to be to exclude extrinsic evidence in the absence of ambiguity. There is no reason to overturn that rule in this case.

The authorities cited by the parents are unconvincing and inapplicable in this case. The foreign authority of *Savell v. Savell,* 837 S.W.2d 836 (Tex.Ct.App.1992), in which a Texas court relied upon the actions of the parties following the execution of a deed to establish a resulting trust, is unpersuasive. We find the Texas case to be both factually distinguishable and not applicable under Kentucky law.

The judgment of the trial judge was clearly erroneous because there was not sufficient evidence to support his findings. It was improper to allow extrinsic evidence to demonstrate the intent of the grantors in the absence of evidence of an ambiguity in any of the deeds. *See Sword, supra.* Reliance by the Court of Appeals on *Rakh-*

*man v. Zusstone*, Ky., 957 S.W.2d 241 (1997), is misplaced. *Zusstone, supra,* does not establish a Kentucky precedent suitable to support the postulate presented by the Court of Appeals. *Zusstone* does not reject the Restatement (Second) of Trusts § 404 and 405.

The opinion of the Court of Appeals and the judgment of the circuit court are reversed, and this matter is remanded to the circuit court for partition of the real estate in question.

All concur.