RENDERED:  MARCH 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0042-MR

PAUL RAYMOND; DIANE C. RAINS;
JEFFREY DAVID LAWLESS; KAY
JORDAN; MICHAEL C. RAINS;
ROGER JORDAN; AND SHARON L.
LAWLESS                                                        APPELLANTS


            APPEAL FROM SHELBY CIRCUIT COURT
v.      HONORABLE S. MARIE HELLARD, SPECIAL JUDGE
                  ACTION NO. 17-CI-00651


JAMES EBERLE; CLARA CLORE
JONES GST EXEMPT TR, LLC;
LINZIE T. CRAIG; AND MARY JO
EBERLE                                                          APPELLEES


                          OPINION
                          AFFIRMING

                      ** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND MAZE, JUDGES.

CETRULO, JUDGE:  This is an appeal from a Shelby Circuit Court order

involving the application of deed restrictions to the subdivision of a tract of land in

Shelby County. The circuit court entered the order on August 26, 2020.[1] The history and prior rulings of this case require a detailed recitation of the facts. After careful review of such facts, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In 1959, Tom and Dorothy Craig (the "Original Owners") bought the plot of land in question ("Craig Farm"). In 1998, the Original Owners divided Craig Farm into nine individual tracts of varying size. The parties' briefs suggest these subdivisions were a result of Tom's declining health and the desire for Dorothy to retain her 3.74-acre homestead on Tract 3 ("Dorothy's Tract"). The largest tracts – Tracts 2, 4, and 8 – ranged in size from 47.62 acres to 120.15 acres ("Larger Tracts"). The other six tracts were much smaller (Tracts 1, 3, 5, 6, 7, and 9; collectively "Smaller Tracts"), and ranged in size from 3.74 acres to 8.39 acres. The Original Owners sold all the tracts, except Dorothy's Tract. Before Tom's death, in September 1998, the Original Owners filed a Declaration of Covenants and Restrictions (the "Deed Restrictions") to govern each of the tracts.

The Deed Restrictions' opening paragraph first states that they apply to the Smaller Tracts:

> The undersigned, [Tom] Craig and Dorothy Craig,
> husband and wife, the owners and developers of the

---

[1] The circuit court amended the order on December 3, 2020 to include the court's analysis as it pertained to Tract 1 of the land in question. The original order contained only a discussion of Tract 2, even though both Tracts 1 and 2 were in question.

following Tracts in Craig Farm Divided and described as follows:

> Being Tracts 1, 3, 5, 6, 7 and 9 inclusive, as shown on the plat of Craig Farm [ ], of record in Plat Cabinet 4, Slide 258, in the office of the clerk of Shelby County, Kentucky.

> For the mutual benefit of present and future owners of the tracts in Craig Farm [ ], the owners and developers *impose restrictions upon the above described lots* as follows . . . .

(Emphasis added.)

The Deed Restrictions then provide that the tracts are to be used for single-family residential purposes. The remaining provisions govern such matters as square footage of the dwellings, setback requirements, and various other restrictions on pets, fences, barns, and structures. The Deed Restrictions contain no descriptions of tract sizes, but do describe briefly future divisions of certain tracts not mentioned above. Paragraph 11 of the Deed Restrictions is titled "Future Restrictions" and governs the future division of the Larger Tracts: "Any further division of Tracts 2, 4, and 8 shall be governed by restrictions which are equal to or more restrictive than the above restrictions." The Deed Restrictions say nothing more about Tracts 2, 4, and 8.[2]

---

[2] There is no mention of the number or size of future divisions that are permitted.

-3-

Appellees James and Mary Jo Eberle (the "Eberles"), Clara Clore Jones GST Exempt TR, LLC, and Linzie T. Craig (collectively, the "Developers") own Tracts 2, 4, and 8, respectively. The Developers designed a plan to further divide Tract 2 (a 92.42-acre plot of land)[3] into an 89-lot residential subdivision (the "Developers' Plan"). Several landowners of the Smaller Tracts (Appellants Paul Raymond, Diane C. Rains, Michael C. Rains, Jeffrey David Lawless, Sharon L. Lawless, Roger Jordan, and Kay Jordan; collectively, "Small Tract Owners") filed suit to preclude the proposed development of Tract 2, arguing that the Developers' Plan violates the Deed Restrictions.

Both parties agreed that the Deed Restrictions exist, and that the Developers' property is subject to the restrictions. Both parties therefore moved for summary judgment. The Small Tract Owners argue that the Deed Restrictions prohibit the Developers from subdividing Tract 2 into small, separate parcels, and placing more than one single-family residence on Tract 2. Secondarily, the Small Tract Owners argue that if the Developers are permitted to subdivide Tract 2, the Original Owners' intent – as established through extrinsic evidence – restricts the lot sizes.

---

[3] Originally, the Developers argued the Deed Restrictions permitted the subdivision of Tracts 1 and 2 (both of which the Eberles own); however, the circuit court order stated Tract 1 could not be subdivided according to the Deed Restrictions, and the Small Tract Owners appealed the decision only as it applies to Tract 2. The Developers no longer contend they are permitted to subdivide Tract 1.

The Developers claim that the Deed Restrictions do not restrict the number or size of lots they may divide Tract 2 into and thereby do not limit the tract to one single-family residence. Further, they emphasize that the Deed Restrictions are not ambiguous, so the intent of the drafters may not be established through extrinsic evidence and instead must rely on the four corners of the document.

The Shelby Circuit Court considered the merits of the cross motions for summary judgment and determined, in pertinent part, that the Deed Restrictions (1) were not ambiguous, and therefore the intent of the drafters could be determined only by the four corners of the document; and (2) did not contain any prohibition on lot sizes of the future divisions of Tract 2, so the Developers' Plan did not violate the Deed Restrictions. We agree.

**STANDARD OF REVIEW**

Interpretation or construction of restrictive covenants is a question of law subject to *de novo* review on appeal. *Triple Crown Subdivision Homeowners Ass'n, Inc. v. Oberst*, 279 S.W.3d 138, 141 (Ky. 2008) (citation omitted). Additionally, deciding whether a contract is ambiguous is a question of law for the courts and is subject to *de novo* review. *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted).

**ANALYSIS**

To establish whether the Developers' Plan violates the Deed Restrictions, we must determine whether the drafters intended to restrict the lot number and size of future divisions of Tract 2. *Hensley v. Gadd*, 560 S.W.3d 516, 521 (Ky. 2018) (explaining the interpretation of restrictive covenants is governed by the drafters' intent).[4] To determine the drafters' intent, we must first determine whether the Deed Restrictions are clear on their face or ambiguous in nature. If the restrictions are ambiguous, we may consider extrinsic evidence to determine the intent of the drafters. *Id*. ("Where a contract is ambiguous or silent on a vital matter, a court may consider . . . extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties."). But, if they are not ambiguous, we are bound by the four corners of the document. *3D Enterprises Contracting Corp. v. Louisville and Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citation omitted) ("When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions.").

---

[4] Kentucky caselaw applies rules of contract to restrictive covenants. *See Williams v. City of Kuttawa*, 466 S.W.3d 505, 509 (Ky. App. 2015); *Hazard Coal Corp. v. Knight*, 325 S.W.3d 290, 298 (Ky. 2010); and *Hensley v. Gadd*, 560 S.W.3d 516 (Ky. 2018).

"A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." *Jackson Hosp. Corp. v. United Clinics of Ky., LLC*, 545 S.W.3d 327, 332 (Ky. App. 2018). *See also Hoskins Heirs v. Boggs*, 242 S.W.3d 320, 328 (Ky. 2007) ("A deed is ambiguous when its language is reasonably susceptible of different constructions.") (internal quotation marks omitted). However, "[t]he fact that one party may have intended different results . . . is insufficient[.]" *Cantrell*, 94 S.W.3d at 385.

In *Hoskins Heirs*, the Kentucky Supreme Court explained that ambiguity can exist where property descriptions are contradictory or unclear. There, a deed contained multiple descriptions of a property, which varied depending on the specific or general nature of the description. *Hoskins Heirs*, 242 S.W.3d at 329. Because the deed contained differing descriptions of the property boundaries, it was reasonably susceptible to differing constructions, and the Court found it to be ambiguous. *Id.* Likewise, in *Blevins v. Riedling*, 158 S.W.2d 646, 647-48 (Ky. 1942), this Court found there to be ambiguity where terms in a contract were not clear. There, a contract released a party from "all charges" but did not specify what indebtedness the other party intended to include. There, it was not clear whether "all charges" included the mortgage, and the Court found the document to be ambiguous. *Id.* In both cases, the Court found that a reasonable

person would find the provisions in question susceptible to different or inconsistent interpretations.

Here, we do not find such ambiguity, and the Small Tract Owners offer little argument that such exists. The Deed Restrictions do not contain an ambiguous boundary description or a term that is not clear from the four corners of the document. Instead, the Original Owners drafted the Deed Restrictions clearly, and reasonable people would not find them susceptible to different or inconsistent interpretations. Specifically, the Original Owners explained in the Deed Restrictions that when the Larger Tracts were divided in the future, each of the divisions must abide by the remaining restrictions. This provision does not elicit inconsistent interpretations; it is clear on its face. The remaining restrictions (paragraphs 1-10 of the Deed Restrictions) are also clear, and – contrary to the Small Tract Owners' argument – do not contain any reference to lot size or quantity. Therefore, we do not find the Deed Restrictions to be ambiguous, and we will not consider extrinsic evidence when determining the Original Owners' intent.[5]

Instead, we must rely on the four corners of the document. The Kentucky Supreme Court reminds us in *Hensley* that we may not give meaning to

---

[5] On the other hand, if the restrictions had stated something like, "the larger tracts cannot be further divided into lots smaller than 'X'" and there were differing descriptions of the size of "X" or it was unclear what "X" entailed, there could be ambiguity. Neither such situation exists here.

-8-

instruments that they do not contain, and we must rely on the clear meaning of the language used.

> In *O.P. Link*,[6] [the Kentucky Supreme Court] admonished against giving a writing meaning which is not to be found in the instrument itself under the guise of interpretation based on direct evidence of intention. *Id.* (citing 4 Williston on Contracts, § 610A (3d ed. 1961)). Parties are bound by the clear meaning of the language used, the same as any other contract. *See Larkins v. Miller*, 239 S.W.3d 112, 115 (Ky. App. 2007) (stating that "a court should interpret the terms of the contract according to their plain and ordinary meaning[ ]").

*Hensley*, 560 S.W.3d at 522.

First, the Small Tract Owners argue that the drafters intended for all of Tract 2 to contain only one single-family residence (*i.e.*, to not further divide Tract 2). However, we may not substitute what the Original Owners may have intended for the plain language of what they said. *Id.* What the Original Owners said in the Deed Restrictions was "*further division of Tracts 2*, 4, and 8 shall be governed by restrictions which are equal to or more restrictive than the above restrictions." (Emphasis added.) It is clear from the four corners of the Deed Restrictions – specifically, in the section titled "Future Divisions" – that the Original Owners anticipated, accounted for, and therefore intended Tract 2 to be divided in the future. The Small Tract Owners further argue that the second half of

---

[6] *O.P. Link Handle Co. v. Wright*, 429 S.W.2d 842, 847 (Ky. 1968).

-9-

the provision, "governed by restrictions which are equal to or more restrictive than the above restrictions[,]" means Tract 2 – as a whole and without subdivision – must meet each of the requirements reserved for the Smaller Tracts (*e.g.*, one single-family residence, *etc.*).  But again, that is not what the Original Owners said. They said, the *division* of those tracts was contemplated and would be governed by the remaining restrictions.  And as discussed, we must rely on the four corners of the Deed Restrictions.

The Small Tract Owners' second attempt to rewrite the Deed Restrictions suggests that even if the Deed Restrictions do allow for subdivision of Tract 2 – and thereby more than one single-family residence – there is at least a limitation on the size of the divided lots.  That reading of the Deed Restrictions relies on an argument wholly unaccounted for in the restrictions:  a limitation on lot size.  The Deed Restrictions contain no descriptions of lot sizes or minimums on the future divisions of Tracts 2, 4, or 8.  Indeed, the Deed Restrictions in the initial paragraph do not even reference or include lots 2, 4 or 8.  The Deed Restrictions do, however, contain numerous other detailed restrictions, many of which are intricate in detail.  For example, there are 22 specifically barred uses of the tracts; seven permissible building materials for residence exteriors; and a five-paragraph description of the types of animals permitted on the tracts.  Clearly, the Original Owners took great care to articulate their express intentions and

expectations for the tracts.  Notably, however, the drafters did not articulate any such intention to restrict future lot sizes of Tracts 2, 4, or 8.  They simply articulated that the Larger Tracts would be divided in the future and the subdivisions created would be subject to the remaining restrictions, regardless of whether Tract 2 was divided into two tracts or 200 tracts; *i.e.*, each of the 89 proposed tracts of the Developers' Plan must abide by the remainder of the Deed Restrictions.  The plain language of the Deed Restrictions ends there, and we must not add meaning to a writing where there is none.  *Hensley*, 560 S.W.3d at 522.

In a final effort to create an alternate intention, the Small Tract Owners urge us to consider information outside the four corners of the document;[7] however, because the deed is not ambiguous, we are not permitted to do so. *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky. 2000) (citation omitted) ("Extrinsic evidence cannot be admitted to vary the terms of a written instrument in the absence of an ambiguous deed.").  As precedence has demanded, "[w]e may not substitute what the grantor may have intended to say for the plain import of what he said." *Hensley*, 560 S.W.3d at 521-22.

---

[7] Namely, a 2017 affidavit from then-97 year old Dorothy Craig.  While Dorothy has since passed, the circuit court properly concluded the Deed Restrictions were clear and unambiguous, and therefore it would not be appropriate to consider evidence that relates to the memory of one of the drafters.

The clear import of the Deed Restrictions is that the Smaller Tracts were not to be subdivided, as the restrictions clearly limited them to one residence per tract. Alternatively, it is clear the Original Owners intended the Larger Tracts to be divided at some point. That point is now. Consequently, the Deed Restrictions permit a single-family residence on each of the future divisions with no limit on the size of the subdivisions. Therefore, the Developers' Plan does not violate the plain language of the Deed Restrictions.

## CONCLUSION

Therefore, the circuit court's order granting the Developers' motion for summary judgment on the issue of Tract 2's subdivision is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Clifford H. Ashburner
Daniel J. O'Gara
Philip E. Cecil
Louisville, Kentucky

BRIEF FOR APPELLEES JAMES
EBERLE, MARY JO EBERLE, AND
CLARA CLORE JONES GST
EXEMPT TR, LLC:

Katherine H. Whitten
Shelbyville, Kentucky