RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0100-MR

GEORGE ANTHONY SLAUGHTER,
AS FATHER AND NEXT FRIEND OF
HIS MINOR CHILD GEORGE
ALBERT SLAUGHTER; AND
TABATHA LAND, AS MOTHER
AND NEXT FRIEND OF HER MINOR
CHILD GEORGE ALBERT
SLAUGHTER                                                          APPELLANTS

|          | APPEAL FROM FAYETTE CIRCUIT COURT |
|----------|-----------------------------------|
| v.       | HONORABLE THOMAS L. TRAVIS, JUDGE |
|          | ACTION NO. 20-CI-02822            |

KEITH A. SLAUGHTER, AS AN
INDIVIDUAL AND AS SUCCESSOR
TRUSTEE OF THE REVOCABLE
TRUST AGREEMENT OF GEORGE
A. SLAUGHTER                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE,[1] AND TAYLOR, JUDGES.

LAMBERT, JUDGE: George Anthony Slaughter and Tabatha Land, parents and next friends of George Albert Slaughter, appeal the Fayette Circuit Court's opinion and order granting summary judgment to Keith A. Slaughter, in the parents' action to recover alleged trust fund proceeds on behalf of their minor son. We affirm.

George A. Slaughter (George) was the father of George Anthony Slaughter (Tony), who is the father (with Tabatha Land) of George Albert Slaughter (Junior). George worked for the Kentucky Transportation Cabinet until he became disabled in the early 2000s. George was one of nine siblings. In 2010, George contacted attorney John D. Meyers, Jr., requesting assistance with estate planning. George expressed his desire to make Junior (born in 2004, and who suffers from autism, cerebral palsy, and other challenges) the beneficiary of George's estate. Meyers drafted several testamentary documents, including: a "pour over" type will, with George's brother Keith Slaughter named as executor, where the remainder of the probate assets would pass to the trust; a trust document, with Junior as the beneficiary, whereby George was the trustee during his lifetime and Keith the successor trustee, with Frances Jordan (a niece) as alternate successor trustee; and a financial power of attorney naming Keith as the attorney in fact and with Frances again as alternate. Meyers stated that he had no further

---

[1] Judge Irv Maze concurred in this Opinion prior to his retirement from the Court of Appeals.

conversations with George about his estate after the documents were prepared and signed.

In 2015, George opened eight payable upon death (POD) accounts with the Commonwealth Credit Union. Each of these accounts listed Keith as the sole beneficiary. Keith was also the sole beneficiary listed on George's Kentucky Public Employees deferred compensation account. The latter designation was made in 2008.[2]

In June 2016, George died from injuries sustained in a motor vehicle accident. George's will was admitted to probate. In November 2016, Keith was appointed executor of George's estate. The probate assets at the time of George's death consisted of some insurance proceeds,[3] rental property in Lexington, and some personal property. According to the terms of the will, after payment of debts and expenses, the remainder of George's assets were to go to Junior's trust. The POD accounts and deferred compensation accounts were considered non-probate items and passed directly to Keith.

In September 2020, Tony and Tabatha, on behalf of Junior, brought suit against Keith in his individual and trustee capacities. The gist of Junior's

---

[2] Frances Jordan was listed as contingent beneficiary on this document.

[3] The record indicates that these proceeds were from a wrongful death claim stemming from the automobile accident, reduced by a medical subrogation claim related to George's care prior to his death.

complaint was that George intended Junior to inherit everything he owned, and that Keith's designation as beneficiary of the POD and deferred compensation accounts was meant only insofar as Keith was named successor trustee of the trust created for Junior.

In October 2021, after discovery was completed, Keith moved for summary judgment. Junior answered and filed a motion for summary judgment of his own. A hearing on the competing motions was held on December 14, 2021, and the circuit court entered its order denying Junior's motion and granting Keith's motion for summary judgment two weeks later. Junior timely appealed.

We begin by stating the standard of review, recently summarized in *Lawson v. Smith*, 652 S.W.3d 643, 645 (Ky. App. 2022):

> The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR[4] 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the non-moving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Thus, a summary judgment looks only to questions of law, and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as*

---

[4] Kentucky Rules of Civil Procedure.

> *modified on denial of reh'g* (Nov. 23, 2011). However,
> "[a] party opposing a summary judgment motion cannot
> rely on the hope that the trier of fact" would simply
> "disbelieve the movant's denial of a disputed fact, but
> must present affirmative evidence in order to defeat a
> properly supported motion for summary judgment."
> *Ryan v. Fast Lane, Inc.*, 360 S.W.3d 787, 790 (Ky. App.
> 2012) (citing *Steelvest*, 807 S.W.2d at 481).

With these standards in mind, we turn to Junior's appeal.

Junior first argues that Keith was never intended by George to inherit the lion's share of George's assets. To support this argument, Junior references depositions and affidavits of family members and acquaintances that attest to the fact that it was George's wish for Junior's trust to be the recipient of George's accumulated wealth. There was also parol evidence regarding Keith's financial soundness[5] compared to Junior's multiple physical challenges which will make it significantly more difficult to achieve financial independence when he reaches majority.

However, the POD accounts are contractual in nature and are not considered part of the probate estate. Instead, they are governed by Kentucky Revised Statute (KRS) 391.300(10), namely, "'P.O.D. account' means an account payable on request to one (1) person during lifetime and on his death to one (1) or more P.O.D. payees, or to one (1) or more persons during their lifetimes and on the

---

[5] Keith is an electrical engineer with a master's degree.

death of all of them to one (1) or more P.O.D. payees[.]" And KRS 391.300(11) states, "'P.O.D. payee' means a person designated on a P.O.D. account as one to whom the account is payable on request after the death of one (1) or more persons[.]" The circuit court concluded, pursuant to these two statutory sections, as well as the fact that the POD instruments themselves contained no ambiguities, that "[e]xtrinsic evidence cannot be admitted to vary the terms of a written instrument[,]" and "[t]he intention of parties . . . must be gathered from the four corners of that instrument." *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky. 2000) (citations omitted). The credit union PODs name Keith as beneficiary, not as trustee of Junior's trust, but as an individual. The PODs were established after George signed the will and trust documents. It was thus incumbent upon George to designate Keith in his capacity as successor trustee in order for the PODs' assets to be payable, upon George's death, to Junior's trust. But the PODs make no mention of the trust and only list Keith as beneficiary in his individual capacity.

A similar analysis applies to the Kentucky Public Employees deferred compensation funds, which was established prior to the will's existence. Had George intended to amend Keith's capacity as beneficiary from individual to trustee, he was required to do so after 2010 and before his death. Neither the will nor the trust reference the deferred compensation account and vice versa. As the circuit court stated, "the Retirement Account is a contract between the Decedent

and the Kentucky Public Employees' Deferred Compensation Authority, and its beneficiary designation form is a part of the contract." Again, applying contract law, the four corners of the document dictate that extrinsic evidence cannot be used to alter its terms. *Hoheimer*, 30 S.W.3d at 178. We find no error in the circuit court's determination that Keith was the intended beneficiary of those accounts.

We likewise are not persuaded by Junior's argument that the circuit court erred by failing to apply the doctrines of the "polar star rule" or "testatorial absolutism." Neither is applicable under the facts of this case. The contracts are unambiguous, and George's mental capacity was not at issue. We find no error in that regard.

Junior's final argument is that George's true intent, by designating Keith as successor trustee, was that all assets naming Keith as beneficiary, both prior to and after George established Junior's trust, be made to Keith solely as trustee, rather than in his individual capacity. In support of this assertion, Junior points to the following language in Article 3 of the trust document: "After my death the trust property, including any property payable to the Trustee as a result of my death, shall be disposed of as provided in this Article." Junior urges that the circuit court erred in ignoring this language.

We decline to address this issue other than again to state that all documents before us – testamentary and otherwise – are unambiguous and should

-7-

be discerned on the contents within their four corners. All cases cited by Junior can be distinguished from the situation within the Slaughter family.

The circuit court was correct in determining that there were no genuine issues of material fact and that Keith Slaughter was entitled to judgment as a matter of law. *Lawson*, 652 S.W.3d at 645.

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Douglas T. Hawkins
Lexington, Kentucky

BRIEF FOR APPELLEE:

Escum L. Moore, III
Lexington, Kentucky

John D. Meyers, Jr.
Lexington, Kentucky